James R. FARLESS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1372.

United States Court of Veterans Appeals.

Submitted Jan. 10, 1992.

Decided May 15, 1992.

James R. Farless, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

NEBEKER, Chief Judge:

Appellant, James R. Farless, appeals a September 6, 1990, decision of the Board of Veterans' Appeals (Board or BVA), denying his application for waiver of recovery for an overpayment of improved pension benefits. We hold that the Board committed no factual or legal error which would warrant reversal when it found appellant's actions to constitute fraud and accordingly denied waiver of indebtedness.

I.

Appellant served in the United States Navy from September 1951 to February 1952. In January 1983, he applied to the Veterans' Administration (now the Department of Veterans Affairs) (VA) for pension benefits, submitting an income and net worth statement which reflected that his wife received no earnings in 1982 and was not expected to receive any earnings in 1983. R. at 2.

In February 1983, the VA Regional Office (VARO) approved appellant's pension benefits, effective February 1, 1983. The

VARO noted that payments were based, in part, on the fact that appellant's wife had no earnings. Appellant submitted Improved Pension Questionnaires/Eligibility Verification Reports in November 1983, November 1984, August 1986, and June 1987. In each report, appellant stated that his wife did not receive any income from employment. R. at 9.

Subsequently, a VA Employee Wage Data sheet revealed that appellant's wife had been employed since November 1975. R. at 18. The VARO notified appellant in May 1988 that his pension benefits would be adjusted accordingly. Appellant subsequently sought waiver of such indebtedness contending that, due to pain medication, he was unable to manage his financial affairs and had relied on family members to handle business matters. R. at 64. In support of these assertions, he submitted a letter from Dr. Zillur R. Athar stating that appellant had been treated for chronic anxiety and major depression since February 1982. Dr. Athar related that appellant had a long history of chronic pain in his lower back and had been diagnosed as having carcinoma of the prostate; appellant's medications included Valium and Placidyl.

In its September 6, 1990, decision, the Board concluded that appellant knew that his inaccurate reporting of his wife's income would enable him to continue to receive pension benefits, and his statements to the contrary were made for the purpose of retaining such benefits. *James R. Farless*, BVA 90-30768, at 5 (Sept. 6, 1990). Accordingly, the Board judged appellant's actions to constitute fraud and denied waiver. *Id.*

## II.

Section 5302 of title 38, United States Code, precludes recovery of a debt by the VA if the Secretary of Veterans Affairs (Secretary) determines that such a recovery would be against "equity and good conscience." 38 U.S.C. § 5302 (formerly § 3102). The Secretary has delegated such power to a Committee on Waivers and Compromises (Committee) established in each VA regional office. 38 C.F.R. §§ 1.955–1.970 (1991). Committee decisions are, in turn, appealable to the BVA. 38 C.F.R. § 1.958.

In *Smith v. Derwinski,* 1 Vet.App. 267 (1991), the Court held that a BVA determination as to whether a veteran is entitled, in "equity and good conscience", to waiver of indebtedness under 38 U.S.C. § 5302, is a discretionary one. Therefore, review of such waiver decisions in this Court is limited to determining whether the Board abused such discretion. *Id.* at 278–79.

Before the Board may determine whether "equity and good conscience" affords waiver, however, it must determine whether "there exists in connection with the claim for such waiver an indication of fraud, misrepresentation or bad faith on the part of the [claimant]...." 38 U.S.C. § 5302(c). If such is found, the Board cannot waive the indebtedness by inquiry into "equity and good conscience" criteria.

Unlike the "equity and good conscience" determination, which is discretionary and reviewed for abuse of discretion, the question of whether the debtor was guilty of fraud is a factual determination subject to review by this Court under a clearly erroneous standard. Upon review of the record, we cannot say that the Board's denial of waiver based on fraud was clearly erroneous, especially given that appellant completed and signed numerous income statements over five years to the effect his wife was not employed.

We note that in the future a question may arise as to the inconsistency between section 5302 and its corresponding regulation, 38 C.F.R. § 1.965(b). Section 5302(c) provides that indebtedness may not be waived where there exists "an *indication* of fraud, misrepresentation or bad faith". Accordingly, any indicia that appellant committed fraud in connection with his VA benefits will require the Board to deny waiver. This statutory provision parallels the "clean hands" doctrine familiar in equity cases: only if the appellant is free from all taint of fraud in connection with his

claim for benefits may waiver on account of "equity and good conscience" be considered.

The regulation, however, suggests that a mere indication of fraud as a fact would not necessarily disqualify the debtor, but that the Board would need to establish fraud before waiver was precluded. The regulation states, in pertinent part:

> In applying [the equity and good conscience] standard for all areas of indebtedness, the following elements will be considered, any one of which, *if found,* will preclude the granting of waiver:
>
> (1) Fraud or misrepresentation of a material fact.

38 C.F.R. § 1.965(b) (emphasis added).

Such discrepancy between the statute and regulation is not at issue here, however, because the Board held itself to the higher standard outlined in the regulation and justifiably found fraud before denying waiver.

Accordingly, the decision of the Board is AFFIRMED.