James L. BROWN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–348.

United States Court of Veterans Appeals.

June 22, 1995.

James L. Brown, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Deputy Asst. Gen. Counsel, and Susan A. Wuchinich, Washington, DC, were on the pleadings for appellee.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

IVERS, Judge:

James L. Brown appeals from a March 29, 1994, Board of Veterans' Appeals (BVA or Board) decision which denied his request for a waiver of recovery of an overpayment of disability pension benefits. *James L. Brown,* BVA 94–04288 (Mar. 29, 1994). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). The Court finds that the BVA committed no factual or legal error which would warrant reversal or remand when it found the appellant's actions to constitute fraud and denied waiver of indebtedness. Accordingly, we will affirm the decision of the BVA.

## I.  FACTS

The appellant served in the United States Army from August 1952 to July 1954. Record (R.) at 15. In July 1986, the appellant applied for a non-service-connected disability pension. R. at 18. Attached to his application was a signed income statement on which he indicated that he had earned $16,000 in 1985 prior to becoming totally disabled, that he had earned $6,128 in 1986, and that he anticipated retirement income in 1986 and 1987 in the amounts of $1,005 and $2,412 respectively. R. at 21–23. Based on the income statement provided, VA regional office (RO) approved a monthly non-service-connected pension in the amount of $289 as of August 1, 1986, and $295 as of December 1, 1986. R. at 29. An August 1988 signed income verification report indicated that the appellant had earned no income from employment. R. at 37–38. VA amended the appellant's monthly rate of pension in August 1988 to $316, and again in September 1989 to $334. R. at 40–43. August 1989 and July 1990 signed income statements indicated no income from employment. R. at 58–59, 73–74.

In September 1990, VA conducted an audit to verify the earned income being reported by pension beneficiaries. VA found that the appellant had failed to report earned income for 1986 in the amount of $8,808; for 1987 in the amount of $9,651; for 1988 in the amount of $10,567.30; and as of August 1989 in the amount of $8,795.66. R. at 76. VA notified the appellant that he had 60 days within which to respond to the audit results. R. at 76–78. In an administrative decision dated October 1990, VA found an overpayment on the basis of fraud in the amount of $16,298.13. R. at 89. In October 1992, VA adjusted the appellant's pension benefits to zero as of August 15, 1986. R. at 80.

The appellant sent a letter dated October 1992 requesting a waiver of the debt, and stating that he had requested the waiver in September 1990. R. at 83. The request for a waiver was denied in December 1992 because the appellant had misrepresented his income and thus had committed fraud. R. at 98, 102. The appellant filed a Notice of Disagreement. R. at 105. A Statement of

the Case was issued. R. at 110. The appellant appealed to the BVA. R. at 116. A hearing was held in August 1993, where the appellant testified that he thought that he had been receiving VA payments for service-connected benefits (R. at 127); that he had informed an Alabama Department of Veterans Affairs service officer that he had been working and receiving VA pension checks (R. at 128); that he was not aware that he had to report any change in his income to VA (R. at 129–30); that he was currently receiving financial assistance from his daughters because he had no savings (R. at 130); and that he had been unaware that his income was not reported to VA because he signed the forms in blank for the service officer to complete and the service officer did not forward any copies to him. R. at 135. The BVA denied the waiver of recovery of the overpayment of pension benefits, finding that the appellant was guilty of fraud pursuant to 38 C.F.R. § 1.965. *Brown*, BVA 94–04288, at 4–5.

The essence of the appellant's argument is not that the facts are in dispute but that he should not be forced to pay the debt because he gave pre-signed blank employment verification forms to an Alabama Department of Veterans Affairs service officer who subsequently completed the data. In his informal brief to this Court, the appellant argued that he should not be held liable for the unauthorized acts of his agent because: (1) he signed a power of attorney to the service officer, for all his VA affairs; (2) the service officer led him to believe that the monies received were earned by him in Korea; and (3) he had not had proper representation during the claim process.

## II. ANALYSIS

■ The Secretary may grant a waiver of indebtedness where he determines that the collection of the debt would be against "equity and good conscience." 38 U.S.C. § 5302; 38 C.F.R. §§ 1.962, 1.963(a) (1994). However, a waiver may not be granted if there is an "indication of fraud, misrepresentation or bad faith" on the part of the claimant in connection with the claim. 38 U.S.C. § 5302(c); *see also* 38 C.F.R. § 1.965(b) (fraud, misrepresentation, lack of good faith,

and the existence of bad faith). A determination by the BVA that there was fraud is a factual determination which is reviewed under the clearly erroneous standard. *Farless v. Derwinski*, 2 Vet.App. 555 (1992). Under this standard, if there is a "plausible" basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, the Court cannot overturn them. *See Francisco v. Brown*, 7 Vet.App. 55, 57–58 (1994), *quoting Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). The BVA must provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1). *See Gilbert*, 1 Vet.App. at 56–57.

■ In the BVA decision, the Board was clear and concise as to the basis for its determination of fraud: the appellant, having been denied service-connected benefits, requested non-service-connected pension benefits and stated that he had no income from wages in October 1987, August 1988, August 1989, and July 1990, when in fact, he had been earning income from wages since 1986. The BVA found that the appellant should have known that he was responsible for any misrepresentations on the form because he had signed a blank form and because "he still would have learned that no earned income had ever been reported to the VA by a cursory reading of any of the disability pension award letters." *Brown*, BVA 94–04288, at 4. There is a plausible basis in the record for the BVA's factual determinations and the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b). *See Gilbert, supra*. Since the appellant received VA benefits by fraud, he is not eligible for waiver of the recovery of the overpayment under 38 U.S.C. § 5302(c) and 38 C.F.R. § 1.963. *Farless, supra; see Smith (Barbara) v. Derwinski*, 1 Vet.App. 267, 279 (1991).

■ With respect to the appellant's argument that he should not be held accountable for information subsequently added to blank forms which he had signed, as the

Board correctly concluded, such a factual predicate, even if true, would not serve to discharge the appellant from his indebtedness. The appellant had executed a power of attorney form which identified the Alabama Department of Veterans Affairs as his exclusive representative, and the state service officer of that department was acting within the scope of authority of that power of attorney when he submitted the erroneous verification. *Brown*, BVA 94–04288, at 5. Citing to a VA Office of General Counsel opinion, the BVA stated "[a] principal is liable to third parties for acts committed by his agent, including misrepresentations, that are within the scope of the agent's authority even if the principal lacked knowledge of and did not authorize the particular action of the agent." *Id.* (citing to VA O.G.C.Prec.Op. No. 11–92 (May 14, 1992), 57 Fed.Reg. 49746 (1992)). This, as the BVA noted, is consistent with general rules of agency in that principals are liable for the misdeeds committed by their agents when the agents act with apparent authority. *Gleason v. Seaboard Air Line R. Co.*, 278 U.S. 349, 49 S.Ct. 161, 73 L.Ed. 415 (1929) (principal is liable for the acts of the agent without fault of his own); *see Dark v. United States*, 641 F.2d 805 (9th Cir.1981) (federal tax liability); *National Acceptance Co. v. Coal Producers Assn.*, 604 F.2d 540 (7th Cir.1979); *Gilmore v. Constitution Life Ins. Co.*, 502 F.2d 1344 (10th Cir.1974) (common-law fraud). Therefore, if the agent acts with apparent authority, a principal is liable for the agent's fraud. *Am. Soc. of Mech. Eng'rs v. Hydrolevel Corp.*, 456 U.S. 556, 102 S.Ct. 1935, 1942, 72 L.Ed.2d 330 (1982), *reh. denied* 458 U.S. 1116, 102 S.Ct. 3502, 73 L.Ed.2d 1379 (1982); *Gleason, supra.*

Two related points warrant brief mention. First, the fact that the appellant remains indebted to the VA does not necessarily leave him totally without a remedy. Where the indebtedness resulted from the fault or negligence of the appellant, then he must suffer the consequences. However, if the fault or negligence was that of his representative, then the appellant may look to the representative for recovery. *See Robinson v. United States Navy*, 342 F.Supp. 381, 383 (1972). In pointing out this possible remedy the Court in no way opines or even implies that there

was such negligence on the part of the appellant's representative. The appellant's allegations are just that—allegations—the truth of which are not germane to the appeal before this Court. If the appellant were to pursue a remedy against his representative it would be his burden to establish these allegations as a matter of fact in a separate proceeding before a tribunal of general jurisdiction, state or federal, where the representative would have an opportunity to answer the appellant's claims. This Court has no jurisdiction to entertain such actions.

Second, the Secretary of Veterans Affairs is responsible for the recognition of representatives of organizations, individual agents, and attorneys "in the preparation, presentation, and prosecution of claims under laws administered by the Secretary." 38 U.S.C. § 5902(a); *see also* 38 U.S.C. §§ 5903, 5904; 38 C.F.R. § 14.629 (requirements for accreditation of representatives, agents, and attorneys). Furthermore, it is within the authority of the Secretary to "suspend or exclude from further practice before the Department any agent . . ." who, inter alia, (1) engages in unlawful, unprofessional, or dishonest practice; or (2) "has in any manner deceived, misled, or threatened any actual or prospective claimant." 38 U.S.C. § 5904(b)(1) and (5). This statutory responsibility and authority place the Secretary in the ideal position to determine whether additional inquiry into the appellant's allegations is required.

## III.  CONCLUSION

The Court holds that the BVA's determination that the appellant was guilty of fraud is not clearly erroneous. *Farless, supra.* For the reasons stated above, the March 29, 1994, decision of the BVA is AFFIRMED.