Felisa SANDOVAL, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–168.

United States Court of Veterans Appeals.

June 12, 1996.

Ruth Eisenberg, Washington, DC, was on the pleadings for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and R. Randall Campbell, Deputy Assistant General Counsel, Washington, DC, were on the brief for appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge:

On August 16, 1994, this Court disposed of the merits of this case by a panel opinion, which vacated and remanded the Board of Veterans' Appeals (Board or BVA) decision. This Court found that the BVA had failed to assist the appellant in developing her claim after she submitted documents supporting her status as claimant, and that the BVA had failed to articulate reasons and bases for its determination that the appellant was aware that the Republic of Philippines did not recognize common-law marriages. *See Sandoval v. Brown*, 7 Vet.App. 7 (1994). On December 8, 1994, the appellant filed an application for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court has jurisdiction to award attorney fees pursuant to section 506 of the Federal Courts Administration Act, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note), which amended 28 U.S.C. § 2412(d)(2)(F) to make EAJA applicable to this Court. For the reasons set forth below, the Court will grant the appellant's application for attorney fees and expenses.

## I. BACKGROUND

On August 16, 1994, this Court vacated the Board's November 18, 1991, decision after finding that the BVA had failed to assist the appellant in developing her claim for recognition as the deceased veteran's surviving spouse for the purpose of establishing entitlement to death benefits and had failed to provide reasons and bases for its determination. The appellant filed her EAJA application on December 8, 1994, for fees and expenses in the amount of $14,772.48. The appellant contended in her application that she was the "prevailing party," that her net worth does not exceed $2,000,000, and that the position of the Secretary was not substantially justified. Appellant's Application for Attorney Fees and Expenses (Appl.) at 2–4.

The Secretary filed his brief in response on April 25, 1995, stating:

> The following issues are not contested by the Secretary: Appellant's representations concerning her net worth for purposes of 28 U.S.C. § 2412(d)(2)(G); Appellant's receipt of a "final judgment" within the meaning of 28 U.S.C. § 2412(d)(2)(G); Appellant's status as a "prevailing party" under 28 U.S.C. § 2412(d)(2)(B); the absence of "special circumstances" as defined by 28 U.S.C. § 2412(d)(1)(A) that would make an award of attorneys fees unjust; and whether the position of the government was "substantially justified" under 28 U.S.C. § 2412(d)(1)(A). In other words, *the Secretary does not contest Appellant's eligibility for a fee, but merely the excessiveness of the fee claimed.*

(Emphasis added.) Secretary's Brief (Br.) at 3. The Secretary did not challenge the reasonableness of the time claimed for the appellant's principal brief or the appellant's reply brief. However, the Secretary did challenge as excessive the time spent preparing the appellant's supplemental brief in response to the Court's March 10, 1994 order requiring the appellant and the Secretary to address five issues, Reply Br. at 4–5. The Secretary also objected to the hourly rate requested for the law student's work, the time spent to prepare the EAJA application, and the dollar amount sought for computerized research expenses. Secretary's Br. at 5–6. On May 26, 1995, the appellant filed a reply brief addressing the Secretary's objections.

Pursuant to a Court order, a settlement conference was held on July 27, 1995. The parties were unable to settle upon a mutually acceptable award of fees and expenses. On August 16, 1995, the appellant filed a supplemental application for additional fees in the amount of $3,463.63. The total for fees and expenses for which the appellant seeks reimbursement is $18,236.11. On September 13, 1995, the Secretary filed a response to the appellant's supplemental application in which the Secretary did not challenge the reasonableness of attorney fees sought in the supplemental application and reiterated his previous objections.

## II. ANALYSIS

### A. Time Spent Preparing the Appellant's Supplemental Brief

■ The Secretary concedes that the appellant has met the predicate requirements for an award of EAJA fees. *Elcyzyn v. Brown*, 7 Vet.App. 170, 174 (1994); Secretary's Br. at 3. The Court must decide what constitutes a "reasonable fee." *See Uttieri v. Brown*, 7 Vet.App. 415, 418 (1995) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 160–61, 110 S.Ct. 2316, 2319–20, 110 L.Ed.2d 134). In answering what constitutes a reasonable fee, the Court must look to the number of hours reasonably spent on the litigation, multiplied by a reasonable hourly rate. *See Uttieri*, 7 Vet.App. at 418–19 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40); *Elcyzyn*, 7 Vet.App. at 176 (adopting *Hensley* test).

■ The Secretary contends that many of the hours it took to prepare the appellant's supplemental brief were expended unreasonably. The Secretary argues that: (1) the time spent in preparing the supplemental brief was unreasonable because it was more than double the time spent on the principal and reply briefs combined (Secretary's Br. at 12); and (2) that the research performed by attorney Arnette Georges and law student Kathryn Algozzine, and the review by super-

vising attorney Ruth Eisenberg, were either redundant, poor, or "unnecessarily punctilious" (Secretary's Br. at 13).

The appellant's application includes a request for compensation for 85 hours of work by three attorneys and one law student, including 17 hours by counsel of record for preparing and writing the supplemental brief. Appl. at 10. In support of the application, the appellant filed an accounting which provides a contemporaneous record of the exact time spent on the case, including a description of the services performed, the usual billing rates, and a breakdown of expenses, as required by the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B).

The Secretary asserts that the hours listed by the appellant for the supplemental brief should be reduced by half. The Secretary "does not question the veracity" of the application, but does argue that many of the hours were unreasonably expended. Secretary's Br. at 12. The Secretary asserts that the amount of time the appellant claims for the research and writing of the supplemental brief "dwarfs the amount of time devoted to the two earlier briefs" and that some of the services provided in the appellant's application for attorney fees reflect the types of abuses that are not to be compensated under the EAJA. *Id.* Specifically, the Secretary points to research performed by attorney Georges and the law student and the review by supervising attorney Ruth Eisenberg and calls it either redundant, poor, or "unnecessarily punctilious." Secretary's Br. at 13.

The 85 hours claimed by the appellant were spent researching and drafting the five issues for the supplemental brief for an average of 17 hours per issue. The Court finds 17 hours per issue, to research and review case law and other materials pertinent to preparing and drafting the relevant portion of the brief, does not appear unreasonable.

The Secretary's basic argument is that it took more time to prepare, draft, and review one "relatively routine brief" than it did to prepare, draft, and review two. The Secretary focused on the fact that the supplemental brief took twice the amount of time to draft as did the principal and reply briefs combined. The Secretary also contends that the appellant's counsel took 6 hours to review the principal and reply briefs, but took almost three times that amount of time to review the supplemental brief. Secretary's Br. at 13. This is not a valid reason to deny the appellant's claim for the EAJA fees requested. The Secretary failed to take note of various factors which could explain the disparity in time. Such factors include the complexity of the five issues addressed by the supplemental brief and the lack of case law on the scope of the duty to assist an appellant to prove that she lacked knowledge of the legal impediment to a common law marriage under 38 U.S.C. § 103 and 38 C.F.R. § 3.205(c). Reply Br. at 4. Furthermore, the appellant's counsel extensively researched the legislative history of 38 U.S.C. § 103, including drafts of bills, committee reports, floor statements, VA Administrative Decisions, VA General Counsel Opinions, and case law relevant to the significance of the administrative materials and statutory construction. Reply Br. at 5. All of these factors combined would explain the significant difference in the number of hours claimed.

■ The Secretary also contends that the research and preparation done by the law student and attorney Georges was "duplicative" and "redundant." Secretary's Br. at 14. The Secretary maintains that "hours 'are not reasonably expended if an attorney duplicates work done earlier by an attorney, if an attorney takes extra time due to inexperience, or if an attorney performs tasks that are normally performed by paralegals, clerical personnel, or other non-attorneys.'" *Id.* (citing *Trahan v. Regan*, 625 F.Supp. 1163, 1168 (D.D.C.1985) quoting *Action on Smoking and Health v. CAB*, 724 F.2d 211, 220–21 (D.C.Cir.1984)). The appellant contends that two people researching the same brief does not indicate they were researching the same issue, "it simply means there was more than one issue to research." Reply Br. at 8. The appellant also contends that the case was staffed according to the common practice in the legal profession, which includes dividing duties among a team of people. Law clerks research the issues and identify relevant cases. Staff attorneys read and analyze the cases, research other rele-

vant cases, and draft the brief. Supervising attorneys then revise the brief. Reply Br. at 8–9 (citing *Johnson v. University College of University of Alabama,* 706 F.2d 1205, 1208 (11th Cir.), *cert. denied,* 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983)). The work accomplished by the law student and attorney Georges was done pursuant to common legal industry practices and does not appear to be redundant and duplicative. Furthermore, the appellant eliminated 60 hours from her application, including 47.5 hours for attorney Georges' work, because she was a "relatively inexperienced attorney" and may not have used her time efficiently. Reply Br. at 7. Accordingly, we find the 85 hours claimed by the appellant to be reasonable and award the entire 85 hours for the research and drafting of the supplemental brief.

Although the Court has addressed in detail the Secretary's assertions of excessive time expended, the fact that these assertions are mere allegations unsupported by evidence, is alone dispositive. *See Vidal v. Brown,* 8 Vet.App. 488 (1996).

### B. The Hourly Rate Requested for the Law Student

■ The appellant asks for attorney fees and includes fees for an attorney-supervised law student. Though the EAJA mentions only *attorney fees,* courts have ruled that work done by attorney-supervised paralegals and law students falls under the EAJA. *Cook v. Brown,* 6 Vet.App. 226, 230 (1994) (citing *Jordan v. U.S. Dept. of Justice,* 691 F.2d 514, 523 (D.C.Cir.1982) (approving award of attorney fees under the Freedom of Information Act for attorney-supervised clinical-law-student work); *Lindner v. Sullivan,* 799 F.Supp. 888, 893 (N.D.Ill.1992) (awarding EAJA attorney fees based on work of attorney-supervised law student); *Williams v. Bowen,* 684 F.Supp. 1305, 1307–08 (E.D.Pa. 1988) (including law-student intern's research and preparation work in EAJA attorney fees)). Therefore, the appellant is eligible for reasonable attorney fees under the EAJA for work performed by the attorney-supervised law student.

■ "The EAJA ... requires that the proper hourly rate be calculated with some degree of reasoned precision." *Elcyzyn,* 7 Vet.App. at 179 (citing *Pierce v. Underwood,* 487 U.S. 552, 557–63, 108 S.Ct. 2541, 2545–49, 101 L.Ed.2d 490; *Chiu v. United States,* 948 F.2d 711, 713 (Fed.Cir.1991)). Under *Elcyzyn,* this appropriate hourly rate for paralegals, law clerks, and law students is (1) the rate in the prevailing market in which the services were performed or (2) the $75 rate set forth in 28 U.S.C. § 2412(d)(2)(A) plus a cost-of-living adjustment calculated under the Consumer Price Index for All Urban Consumers (CPI–ALL) "measured from the effective date on which the legal services were performed," whichever is lower. *Elcyzyn,* 7 Vet.App. at 181. Here, the appellant asks for a rate of $75 per hour for such work performed in 1994, ostensibly predicated on the prevailing market rate. Appl. at 10 n. 1. In *Covington v. District of Columbia,* 839 F.Supp. 894, 904–05 (D.D.C.1993), referenced by the appellant, the U.S. Attorney's Office's matrix, cited with approval, established that for the one-year period ending May 31, 1992, the market rate for such work in the Washington, D.C., area was $75 per hour. Once the party seeking fees has presented evidence to establish that prevailing market rate, the opposing party has the burden of producing evidence to demonstrate that that market rate is incorrect. While the Secretary complains loudly that $75 per hour is too high a fee to pay for such work (Secretary's Br. at 17–19), he is silent as to why $75 per hour is not the prevailing market rate for the area in which such services were performed, and thus has waived the right to challenge the appellant's evidence of the prevailing market rate, which rate the Court accepts to be $75 per hour.

As it is indisputable that the national CPI–ALL index increased between the EAJA's effective date and 1994, when the relevant services were performed, it follows that in this case the $75 prevailing market rate, which is lower than the $75 statutory rate increased by the applicable CPI, is the proper rate to apply.

### C. Time Spent to Prepare the EAJA Application

"It is unquestioned that EAJA fees are available for litigation over the EAJA appli-

cation itself and that an award of fees and expenses for that purpose would generally follow from success in the basic EAJA application." *Camphor v. Brown*, 8 Vet.App. 272, 277 (1995) (citing *Cook*, 6 Vet.App. at 240). In *Curtis v. Brown*, this Court stated that a successful EAJA claimant "is entitled to reasonable attorney fees" for the time spent preparing and defending the fee application. *Curtis v. Brown*, 8 Vet.App. 104, 108 (1995).

■ The Secretary contends that the 5.5 hours of attorney time sought for preparation of the fee application is excessive because there is little evidence of research or legal analysis that would amount to 5.5 hours of attorney time. Secretary's Br. at 16–17. The Secretary cites numerous Social Security cases in which courts have authorized fewer than 5.5 hours for the preparation of an EAJA application. *Id.*

The Court notes that as many cases as there are for fewer than 5.5 hours spent in preparing an EAJA application, there are just as many cases that have authorized an EAJA award for considerably more hours in the preparation of an EAJA application. *Compare, e.g., Spruil v. Bowen*, 691 F.Supp. 302, 307 (M.D.Fla.1988) ("Although EAJA apparently permits compensation for the preparation of the fee request [citation omitted], the Court's experience is that a fully developed application in a social security case requires no more than 3 to 4 hours.") (citing *Woodruff v. Bowen*, No. 84–462–Civ–J–12 (M.D.Fla. July 6, 1988) (4 hours); *Volpe v. Heckler*, 610 F.Supp. 144 (S.D.Fla.1985) (3 hours) *with, e.g., Wilkett v. ICC*, 844 F.2d 867, 873, 879 (D.C.Cir.1988) (awarding $5,988.00 for drafting initial EAJA application); *Douglas v. Baker*, 809 F.Supp. 131, 138 (D.D.C.1992) (23 hours)).

The appellant contends that the portions of the fee application that were routine were prepared by the law student and that the appellant did not seek compensation for the law student's time. Reply Br. at 10. The attorney of record, Ruth Eisenberg, prepared the non-routine portions of the fee application which included the procedural history, identification of the Secretary's positions which were not substantially justified, and the itemized statement of services rendered by the law student and three attorneys. *Id.* The appellant's application was 17 pages long, including 5 pages of exhibits and 8 pages of accounting for the hours spent and expenses, and her reply brief was 18 pages long. Neither of these submissions contained duplicative or irrelevant material. Therefore, we see no reason why 5.5 hours is an excessive amount of time to spend preparing and submitting these filings, and decline to reduce the appellant's fee award on this basis.

## D. Expenses for Computerized Research

■ The Secretary contends that the $233.64 which the appellant seeks for computerized legal research is "exorbitant." Secretary's Br. at 20. The EAJA authorizes the award of "fees and other expenses." 28 U.S.C. § 2412(d)(1)(A). The phrase "fees and other expenses" includes

> the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case....

28 U.S.C. § 2412(d)(2)(A).

The Federal Circuit has provided guidance for analyzing a claim for an expense under the EAJA. In *Oliveira v. United States*, 827 F.2d 735 (Fed.Cir.1987), the Federal Circuit stated:

> [T]he trial court, in its discretion, may award only those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.... In contrast, expenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court, or which expenses the court finds to be unreasonable or unnecessary in the pending litigation, cannot be awarded under the EAJA.

*Id.* at 744; *see also Elcyzyn supra.*

The Secretary contends that the cases found by the computerized search are "readily obtainable in text." Secretary's Br. at 21. Therefore, he argues the computerized research was not required. The appellant listed the issues researched and the cost. Re-

ply Br. at 16. All of these issues were addressed in her supplemental brief. Therefore, consistent with the guidance provided by the Federal Circuit, we reject the Secretary's argument. This Court does not find these expenses to be unreasonable or unnecessary. The appellant's counsel had no way of knowing prior to their research what information they would acquire during their computerized research. An award of computer research expenses by this Court is warranted even if the cases were also readily available in text. The Court finds that the appellant incurred computer research costs in preparation for the proceedings before this Court, and that such costs are customarily charged to the client.

### III. CONCLUSION

For the reasons stated above, the appellant's application for attorney fees and expenses is GRANTED.