# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1555

EDWARD R. MCCRACKEN, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided   February 12, 2001 )

*Gordon W. Sargent* and *William W. McLemore* (non-attorney practitioner), both of Austin, Texas, were on the pleadings for the appellant.

*Leigh A. Bradley,* General Counsel; *Ron Garvin*, Assistant General Counsel; *Joan Moriarty*, Deputy Assistant General Counsel; and *Ari Nazarov*, all of Washington, D.C., were on the pleading for the appellee.

Before FARLEY, IVERS, and STEINBERG, *Judges*.

STEINBERG, *Judge*.  Before this Court is the appellant's August 25, 2000, application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  For the reasons that follow, the Court will deny the EAJA application.

## I.  Background

In the underlying case, the appellant, veteran Edward R. McCracken, appealed a May 21, 1999, decision of the Board of Veterans' Appeals (BVA) that denied a rating in excess of 10% for a Department of Veterans Affairs (VA) service-connected right-ear hearing loss and rejected the appellant's claim of clear and unmistakable error (CUE) in a May 1986 VA regional office decision denying VA service connection for bilateral tinnitus.  On July 28, 2000, the Secretary and the appellant filed a joint motion for partial remand and partial affirmance.  On August 8, 2000, the

Court granted this motion, remanded the rating-increase claim, and dismissed the CUE claim.

On August 25, 2000, the appellant applied for attorney fees under the EAJA in connection with the legal representation provided to him by William W. McLemore, a non-attorney practitioner. In July 1996, Mr. McLemore was admitted to practice in this Court under the direct supervision of Gordon W. Sargent, an attorney admitted to the bar of this Court. *See* U.S. VET. APP. R. 46(b)(1). On September 13, 1999, Mr. McLemore filed a Notice of Appearance in this case, with Mr. Sargent signing that Notice as the "Supervising Attorney". Also entering an appearance at that time was Ernest M. Harper, another non-attorney practitioner; however, Mr. Harper never signed any paper or pleading submitted to this Court on behalf of the appellant, and his involvement does not appear to be an issue in this case. At the same time that Mr. McLemore filed the Notice of Appearance, he also filed with the Court a "Pro Bono Agreement to Engage an Attorney or Law Firm". In this agreement, the appellant engaged as his representatives Mr. Sargent "and associates".

The appellant's EAJA application was submitted through Mr. McLemore alone, and Mr. Sargent's name and signature do not appear on the application. In this application, Mr. McLemore referred to himself as the "undersigned attorney", signed the application as "Representative for the Appellant", and requested attorney fees for 38.5 hours billed at a rate of $137.38 per hour (the application cited the rate for attorneys provided under 28 U.S.C. § 2412(D)(2)(A) adjusted by the Consumer Price Index for all Urban Consumers (CPIU) applicable in the Dallas/Ft. Worth area) for a total fee of $5,289.13. The itemized list of services attached to the application includes only a single entry reflecting Mr. Sargent's involvement in the appellant's case. This entry, dated September 3, 1999, indicates that Mr. Sargent was contacted to obtain his "sig[nature] on forms". After the Secretary responded in opposition to the application, the appellant filed a reply signed by Mr. Sargent. In this reply, Mr. Sargent avers that he "directly supervised Mr. McLemore's work as a non-attorney".

Other than on this reply and on the Notice of Appearance, Mr. Sargent's signature does not appear on any of the pleadings that were filed on behalf of the veteran in this case. Mr. McLemore alone signed all of the other pleadings, including the previously described joint motion for remand. Effective May 1, 1999, Rule 46(d)(3) of this Court's Rules of Practice and Procedure (Rules)

required that a supervising attorney, such as Mr. Sargent, sign all papers filed by a non-attorney practitioner. After July 31, 1994, and prior to May 1, 1999, the same requirement was set forth in Rule 46(d)(1).

## II. Analysis

This case presents two main questions: (1) Whether legal services performed by a non-attorney practitioner, admitted to practice in this Court under the supervision of an attorney, are compensable under the EAJA; and (2) if so, do the legal services performed on behalf of the veteran in this case qualify for EAJA reimbursement on this basis?

This Court's Rule 46(b) permits non-attorney practitioners to practice before this Court under two circumstances and provides:

> **(b) Admission of Non-attorney Practitioners to Practice.** A non-attorney of good moral character and repute
>
> (1) under the direct supervision of an attorney admitted to the bar of the Court, or
>
> (2) employed by an organization which is chartered by Congress, is recognized by the Secretary of Veterans Affairs for claims representation, and provides a statement signed by the organization's chief executive officer certifying to the employee's:
>
> > (A) understanding of the procedures and jurisdiction of the Court and of the nature, scope, and standards of its judicial review; and
> >
> > (B) proficiency to represent appellants before the Court may be admitted to practice before the Court upon filing with the Clerk a completed application accompanied by the prescribed fee (payable by check or money order). In making the certification in subparagraph (2), the chief executive officer should be aware that knowledge of and competence in veterans law and the administrative claims process does not in and of itself connote competence in appellate practice and procedure.

This Court has held that services performed by a non-attorney practitioner who is employed by a national veterans service organization, works *without* an attorney's supervision, and is admitted to practice in this Court under the authority of Rule 46(b)(*2*), do *not* give rise to attorney-fee

3

eligibility under the EAJA. *See Cook v. Brown*, 6 Vet.App. 226, 230-33 (1994), *aff'd*, 68 F.3d 447, 453 (Fed. Cir. 1995). However, in so holding, both this Court and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) were careful to distinguish the situation of the unsupervised non-attorney practitioner from the situation where services are performed by a non-attorney under attorney supervision. Moreover, both courts cited a number of examples where other courts have deemed services performed by a non-attorney under attorney supervision to qualify for attorney fees under the EAJA or an analogous fee-shifting statute. *Cook*, 6 Vet.App. at 230 (citing, inter alia, *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (deeming it "self-evident" that reasonable attorney fee under Civil Rights Attorney's Fees Awards Act of 1976 compensates work of paralegals as well as attorneys); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (approving EAJA attorney-fee award at an hourly rate of $40 for law clerk and paralegal work performed under attorney supervision); and *DiGennaro v. Bowen*, 666 F. Supp. 426 (E.D. N.Y. 1987) (awarding EAJA fees at a rate of $25 per hour for work of attorney-supervised law students)); *see also Cook*, 68 F.3d at 453 (citing *Jenkins* and *Jean*, *supra*, as well as *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83, 99 (1991); *Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993); and *Jordan v. U.S. Dep't of Justice*, 691 F.2d 514 (D.C. Cir. 1982)).

Acknowledging some of the same authority, this Court more recently held that EAJA fees are available for work performed by attorney-supervised law students. *Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996) (citing *Jordan*, *supra*, as well as *Lindner v. Sullivan*, 799 F. Supp. 888, 893 (N.D. Ill. 1992); and *Williams v. Bowen*, 684 F. Supp. 1305, 1307-08 (E.D. Pa. 1988) (EAJA fees for law student assistance at a rate of $40 per hour)). We are unable to distinguish the situation of the non-attorney practitioner supervised by an attorney pursuant to Rule 46(b)(1) from the situation where other non-attorneys, such as law students, perform legal services under an attorney's supervision. Accordingly, we answer the first question above in the affirmative and hold that reimbursement under the EAJA may be awarded for services performed by a non-attorney practitioner under an attorney's supervision. As this Court explained in *Sandoval*, the appropriate hourly rate for such fees is either the prevailing market rate for such services or the rate set forth in 28 U.S.C. § 2412(d)(2)(A), adjusted by the applicable CPIU, "whichever is lower". *Sandoval*, 9 Vet.App. at 181 (citing *Elcyzyn v. Brown*, 7 Vet.App. 170, 181 (1994)). Hence, when work

4

performed by a non-attorney practitioner qualifies for EAJA fees, the hourly rate for such fees is not necessarily based on the statutory rate for attorneys, as was requested by the appellant in this case.

Before discussing the second major question -- whether the services performed in **this case** qualify for attorney fees -- there is a preliminary issue requiring discussion. As previously indicated, the EAJA application in this case was submitted on behalf of the appellant through the non-attorney representative, Mr. McLemore. Mr. Sargent, the supervising attorney, did not sign the application. This Court has established two requirements as to the status of an attorney for whose representation a party seeks EAJA fees. First, an EAJA application is not valid and will not be recognized by this Court if "**the attorney** filing it has not filed a notice of appearance with the Court"; and, second, only if this "attorney has been empowered by an agreement -- which creates an attorney-client relationship -- to do work on behalf of the appellant" may services performed by this attorney qualify for EAJA fees. *Similes v. West*, 11 Vet.App. 115, 120 (1998) (emphasis added). Because there is an agreement between Mr. Sargent ("and associates") and the veteran creating an attorney-client relationship, i.e., the September 1999 Pro Bono Agreement, there is no question as to the second requirement. However, as to the first requirement, no **attorney** submitted the EAJA application.

We need not resolve the question of whether a non-attorney representative may file an EAJA application, however, for even if both of the *Similes* criteria are satisfied, we hold, based on the analysis set forth below, that the appellant cannot prevail and that his EAJA application must be denied. That is so because the appellant has failed to produce evidence sufficient to show that Mr. Sargent acted as a supervising attorney so as to avoid the restriction imposed by *Cook*, where we determined that the services of unsupervised non-attorney practitioners are not eligible for reimbursement under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B) ("party seeking an award of fees" under the EAJA generally has burden of submitting application that shows elements necessary for basic EAJA eligibility); *Fritz v. West*, 13 Vet.App. 190, 195 (1995) (same); *Chesser v. West*, 11 Vet.App. 497, 499 (1998) (same).

As previously noted, Mr. McLemore was admitted to practice in this Court under the direct supervision of Mr. Sargent in accordance with Rule 46(b)(1). At the time that Mr. McLemore was admitted, Mr. Sargent signed a statement accompanying Mr. McLemore's application for admission that certified that McLemore would be "directly supervised by me in representing appellants before

5

the Court". We would ordinarily accept a representation made to the Court by a member of the Court's bar as an officer of the Court and would thus ordinarily presume that when such an attorney certifies that he will supervise a non-attorney practitioner, such supervision will take place in any particular case. *See Wagner v. Henman*, 902 F.2d 578, 581 (7th Cir. 1990) ("attorneys, as officers of the court, are presumptively trustworthy absent specific evidence of untrustworthiness") (citing *Wagner v. Williford*, 804 F.2d 1012, 1017 (7th Cir. 1986), and *McKinney v. Meese*, 831 F.2d 728, 731 (7th Cir. 1987)). However, after the Notice of Appeal was filed and before the EAJA application was filed, Mr. Sargent failed to sign any pleadings submitted on the veteran's behalf, including the motion for joint remand that led to the remand in this case and the EAJA application itself. This failure is especially significant because Rule 46(d)(3) clearly required his signature on such pleadings. This rule was adopted to help ensure that non-attorney practitioners are supervised by an attorney in accordance with our rules, especially where the non-attorney may have no ongoing business relationship with the "supervising attorney". Consequently, we consider that the attorney's failure to sign these pleadings requires that we not accept without further scrutiny his after-the-fact assertion regarding such supervision. Such scrutiny reveals virtually no indication of Mr. Sargent's involvement in this case, including the work described in the itemized list of services for which the EAJA attorney fees are being claimed.

Alternatively, put another way, we find that the evidence of irregular conduct by the attorney -- in not signing all papers in compliance with Rule 46(d)(3) -- is sufficient to create a presumption of irregularity (that is, that the requisite supervision did not occur) that the appellant must overcome by a preponderance of the evidence. *Cf. Warfield v. Gober*, 10 Vet.App. 483, 486 (1997) ("presumption [of official regularity may also] operate[ ] in reverse. If [the act] appears irregular, it is irregular, and the burden shifts to the proponent to show the contrary") (quoting *United States v. Roses, Inc.*, 706 F.2d 1563, 1567 (Fed. Cir. 1983))); *Ashley v. Derwinski*, 2 Vet.App. 62, 66 (1992). Quite obviously, the appellant has failed to meet any such evidentiary burden, as the above analysis of the evidence shows.

The responsibility of a supervising attorney is a serious one, and that is why the Court added Rule 46(d)(3); Mr. Sargent repeatedly violated that rule in this case. Although Mr. Sargent's averment in the veteran's reply to the Secretary's response to the EAJA application that he "directly

6

supervised Mr. McLemore's work as a non-attorney" provides a sufficient basis for us to conclude that referral of the matter for disciplinary investigation is not required here, *see* U.S. VET. APP. R. ADM. & PRAC. 2(d)(1); 9 Vet.App. LVII, it does not suffice to carry the appellant's burden of demonstrating that there was a proper EAJA filing in this case, given all the adverse evidence involved here. Moreover, nonreferral here does not mean that a continuing violation of Rule 46(d)(3) by Mr. Sargent will not yield a referral in the future. Additionally, the Court notes that an attorney's failure to discharge supervisory responsibilities might be the subject of an adverse action by a client against an attorney. *See Townsend v. Brown*, 9 Vet.App. 258, 260 (1996) (per curiam order) (citing *Robinson v. U.S. Navy*, 342 F. Supp. 381, 383 (E.D. Pa. 1972)); *see also Brown (James L.) v. Brown*, 8 Vet.App. 40, 43 (1995); *see also Shields v. Brown*, 8 Vet.App. 346, 351 (1995).

Finally, we note that Mr. McLemore's July 1996 application to practice before our Court gave his mailing address as "P.O. Box 1748, c/o Travis County Veterans Service Office, Austin, Texas 78767", and listed his present or last employer as the "Travis County Commissioners Court". We also note that the Pro Bono Agreement in this case does not refer to Mr. McLemore specifically or to any representative being provided by any governmental entity to represent the veteran. To the extent that Mr. McLemore is acting as an employee of the State of Texas, or of Travis County, in representing veterans before this Court, a question appears to be raised as to whether the EAJA fees sought here, if paid, would be the property of the State or County. *Cf. Similes*, 11 Vet.App. at 117, 120 (EAJA fees awarded to Nevada Indian Rural Legal Services based on services provided by the director of that organization). That is a question that need not be addressed in light of our denial of the EAJA application in this case.

### III. Conclusion

Although we hold that services performed by a non-attorney practitioner, supervised by an attorney and admitted to practice in this Court under Rule 46(b)(1), are compensable under the EAJA at an appropriate rate, *see Sandoval*, *supra*, we hold that EAJA fees are not available in this case because the evidence is insufficient to establish that the legal services performed by Mr. McLemore were provided under the supervision of an attorney. *See Cook*, *supra*.

7

APPLICATION DENIED.