KRAMER, Chief Judge,
dissentjng:
I disagree with the majority’s holding that an hourly rate of $90 for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for the supervised non-attorney practitioner is reasonable based on the evidence presented here. In addi *516 tion, I disagree with the majority’s statement that this Court has the authority to impose a cap — lower than the $125 statutory cap — on the EAJA hourly rate for all non-attorneys in all cases, because such a restriction is contrary to the statutory command of Congress and to the controlling caselaw.
As to the majority’s $90-hourly-rate holding, the appellant requests a rate of $120 per hour for work done by his attorney-supervised non-attorney practitioner. Therefore, the statutory rate cap of $125 is not at issue, and the question before the Court is what is the “prevailing market rate[] for the kind and quality of the services furnished,” 28 U.S.C. § 2412(d)(2)(A). The appellant must present evidence to establish that the rate requested, here $120 per hour, is the prevailing market rate for this non-attorney practitioner. See Blum v. Stenson, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); Willis v. United States Postal Serv., 245 F.3d 1333, 1337-40 (Fed.Cir.2001); Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 938 (Fed.Cir.2000) (en banc); Sandoval v. Brown, 9 Vet.App. 177, 181 (1996); see also Covington v. District of Columbia, 57 F.3d 1101, 1108 (D.C.Cir.1995). If the appellant does so, the Secretary has the burden to produce evidence that demonstrates that that prevailing market rate is incorrect. See Willis, 245 F.3d at 1340-41; Sandoval, 9 Vet.App. at 181; see also Covington, 57 F.3d at 1109-10. If, in the end, the Court does not have before it adequate evidence of a prevailing market rate, the Court may, in its discretion, use other relevant factors, including its own judgment, to determine the prevailing market rate in regard to a particular case. See Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1257 (10th Cir.1998).
In this regard, the appellant presented evidence as to the hourly rate for litigation paralegals at four law firms that appear to be among the largest in the Washington, D.C., area and a statement as to the hourly rate at other unnamed law firms. This evidence does not necessarily reflect the prevailing market rate, in terms of an average or median rate for litigation paralegals in the area, but it does demonstrate that the high end of an hourly rate for paralegals can be in excess of the $125 statutory cap. Moreover, the appellant has provided significant evidence of the extensive experience and expertise of the non-attorney practitioner in this case. See EAJA Application, Exhibit D. In addition, I note that, pursuant to Rule 46(b), (d)(3) of this Court’s Rules of Practice and Procedure, the capabilities of a non-attorney practitioner admitted to practice before this Court exceed the capabilities of a litigation paralegal. For example, the non-attorney practitioner in this case would be able to present oral argument to this Court, whereas a litigation paralegal could not. Finally, the appellant has presented specific evidence consisting of eight EAJA cases where the Secretary agreed to pay $120 per hour for work done by the same non-attorney practitioner who provided services in this case. See Dec. 4, 2001, Reply, Exhibits A, 1-8.
Accordingly, I would conclude that the appellant has presented significant evidence to demonstrate that the “prevailing market rate[ ] for the kind and quality of the services furnished,” 28 U.S.C. § 2412(d)(2)(A), by this non-attorney practitioner is in excess of $90 per hour. See Willis, 245 F.3d at 1338-42. The evidentiary burden would thus shift to the Secretary. See Sandoval, 9 Vet.App. at 181. In response to that burden, the Secretary has belatedly provided the Laffey Matrix, see Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, 371-75 (D.D.C.1983), rev’d in part, 746 F.2d 4 (D.C.Cir.1984), overruled in part by Save Our Cumberland Moun *517 tains v. Hodel, 857 F.2d 1516, 1524-25 (D.C.Cir.1988). Although the majority has stated that its hourly-rate determination is based on the evidence presented in this case, see ante at 509, 511, the determination was not based on all the evidence but only on the Laffey Matrix, which, as explained below, is problematic at best.
As to the majority’s embracing this matrix as conclusive of its $90 analysis, I offer the following: First, the Laffey Matrix is “somewhat crude” and can only provide a useful starting point for this Court’s analysis. Covington, 57 F.3d at 1109. Second, it is an internal document created by the Office of the United States Attorney for the District of Columbia (May 17, 2002, Addendum, Attachment B) and provides the hourly rate that that office would prefer to pay, presumably in order to control the costs of litigation in which it is the losing party. Third, it does not take into account “the kind and quality of the services furnished,” 28 U.S.C. § 2412(d)(2)(A), by the non-attorney practitioner in this case, see EAJA Application, Exhibit D (statement regarding experience and expertise of James W. Stewart). See Blum, 465 U.S. at 895 n. 11, 104 S.Ct. 1541 (holding that prevailing market rate is based on rates prevailing in community for similar services by lawyers of reasonably comparable skill, experience, and reputation); Willis, 245 F.3d at 1340; Raney, 222 F.3d at 938; see also Missouri v. Jenkins, 491 U.S. 274, 286, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); Covington, 57 F.3d at 1107, 1108. In that regard and in response to the concurring statement, I note that this Court does, in fact, consider attorney experience and expertise in two circumstances: (1) Where the “prevailing market rate[ ] for the kind and quality of services furnished” is below the $125 statutory cap, 28 U.S.C. § 2412(d)(2)(A); see Blum, 465 U.S. at 895 n. 11, 104 S.Ct. 1541; Elcyzyn v. Brown, 7 Vet.App. 170, 178-82 (1994); and (2) when the appellant has requested an increase in the statutory cap based on a special factor, see Pierce v. Underwood, 487 U.S. 552, 572, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Fourth, according to the Laffey Matrix itself, the hourly rate has risen from $90 (for June 2000 through May 2001) to $95 (for June 2001 through May 2002). May 17, 2002, Addendum, Attachment B. The Secretary requests and the majority employs the $90 per hour rate, although most of the work (10.25 hours out of 13.25 hours) was done after May 2001. It seems to me that, even under the majority’s analysis, that post-May 2001 work would qualify for the $95 per hour rate.
Moreover, I note that, although the majority states, purportedly based on Levernier Constr., Inc. v. United States, that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) “does not recognize a cost of living [increase] for non-attorneys, as it does for licensed attorneys,” ante at 512, a thorough reading of Levemier discloses that the Federal Circuit actually held that a cost-of-living increase cannot be added to the prevailing market rate for either attorneys or paralegals, Levernier, 947 F.2d 497, 498, 503-04 (Fed.Cir.1991). That holding is consistent with the statute and the caselaw that allows a cost-of-living increase to be added only to the statutory cap. Obviously, a prevailing market rate is just that, and it would be a non sequitur to add a cost-of-living increase to it. Under the majority’s interpretation of Levemier, in essence, fees may be awarded via the EAJA for work done by non-attorneys but not according to the EAJA criteria that require the Court to choose the lower of either the prevailing market rate or the statutory cap (with the possibility of a cost-of-living or special-factor increase), see Pierce and Levernier, both supra; McCracken v. Principi, 14 Vet.App. 269, 271-72 (2001); Sandoval, supra.
*518 As to any possible cap — lower than the $125 statutory cap — on the hourly rate for non-attorneys, I agree that this “Court has wide discretion in the award of attorney fees under the EAJA,” Chesser v. West, 11 Vet.App. 497, 501 (1998); that discretion, however, is not unfettered. Specifically, the Court must give effect to the plain meaning of the statute, Gardner v. Derwinski, 1 Vet.App. 584, 586-87 (1991), aff'd sub nom. Gardner v. Brown, 5 F.3d 1456 (Fed.Cir.1993), aff'd, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994), and must comply with the controlling caselaw, both of which clearly support the proposition that “reasonable attorney fees” as applied to non-attorneys (other than expert witnesses, see 28 U.S.C. § 2412(d)(2)(A)(i)) are calculated using either the prevailing market rate or the $125 statutory cap plus a cost-of-living or special-factor increase. 28 U.S.C. § 2412(d)(2)(A) (“reasonable attorney fees ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee”); see Pierce, 487 U.S. at 571, 108 S.Ct. 2541 (holding that hourly rate is based on prevailing market rate but shall not be more than statutory cap plus cost-of-living or special-factor increase); Levernier, 947 F.2d at 498, 503-04 (holding that hourly rate for attorneys and paralegals is prevailing market rate or statutory rate of $75 (now $125) per hour plus cost of living or special factor increase, whichever is lower); McCracken, 14 Vet.App. at 271-72 (holding that hourly rate for attorney-supervised non-attorneys is lower of (1) prevailing market rate or (2) statutory cap of $125 plus appropriate Consumer Price Index); Sandoval, 9 Vet.App. at 181 (same).
In addition, the Court must decide the question of the reasonableness of the hourly rate based on the evidence presented by the parties in the case before it. See Blum, 465 U.S. at 894-96 and 895 n. 11, 104 S.Ct. 1541; Raney, 222 F.3d at 938; Sandoval, 9 Vet.App. at 181. Thus, any universal restriction on the calculation of the prevailing market rate for non-attorneys is contrary to both statute and case-law. See 28 U.S.C. § 2412(d)(2)(A); Blum, Pierce, Raney, Levernier, McCracken, Sandoval, and Gardner v. Derwinski, all supra. Admittedly, it would be easier for the Court to have a standard hourly rate to apply in all cases; however, the desire for such an expediency here leads the majority to suggest that it could amend a statute with which it apparently disagrees. This would be judicial activism, not necessary to the consideration of any application, at its most obvious.
In sum, because I disagree with the majority’s conclusion that $90 is a reasonable rate based on the evidence presented here and its statement that the Court has the authority to impose a cap — lower than the $125 statutory cap — on the hourly rate for non-attorneys in all cases, I dissent.