LANCE, Judge,
dissenting:
As I believe the decisions of the U.S. Supreme Court and the Federal Circuit are onpoint and controlling, I respectfully dissent. This case presents the question of what hourly rate may be used when shifting expenses under EAJA from an appellant to tax payers for work that could have been performed by a paralegal, but was performed by an attorney. It requires considering the Federal Circuit’s recent determination that paralegal services are compensated as an expense rather than a fee under EAJA. Richlin v. Chertoff, 472 F.3d 1370 (Fed.Cir.2006). Here, the appellant submitted an application for attorney fees and expenses under EAJA in which he sought reimbursement for two classes of tasks: “[a]ttorney work” and “[paralegal work.” In his application, the appellant identified the “[a]t-torney work” as performed by “Elizabeth H. Goldberg” and identified the “[pjarale-gal work” as performed by a “1995 law graduate.” Fourteen months after filing his application, in supplemental briefing regarding the applicability of Richlin, the appellant identified the “1995 law graduate” for the first time as his attorney, Elizabeth H. Goldberg.
The’ appellant requested compensation for the “[pjaralegal work” at an hourly rate of $110. This Court has previously held work done by law students, supervised by attorneys, could be compensated under EAJA at the rate set forth in the “Laffey Matrix.” Sandoval v. Brown, 9 Vet.App. 177, 181 (1996). The appellant calculated the requested hourly rate for the “[pjaralegal work” based on the “market rate” listed in the “Laffey Matrix.” However, the Federal Circuit recently determined “paralegal services are not recoverable as fees, but are only recoverable as expenses.” Richlin, 472 F.3d at 1381. In doing so, the Federal Circuit abrogated this Court’s decision in Sandoval, in which the Court found the appellant entitled to attorney fees for work performed by attorney-supervised law students at the prevailing market billing rate for paralegals.
In supplemental briefing, Mr. Aponte argued the requested hourly rate of compensation ($110) was as an “exercise in billing judgment.” Appellant’s Supplement at 3. “Here, [the ajppellant identified those tasks performed by his attorney which, in his. judgment, could have been performed by either an attorney or a paralegal.” Id. at 5. At oral argument, the appellant’s counsel argued the “[pjaralegal tasks” were those that fell in a “gray area” and could reasonably be performed either by an attorney or by a paralegal under the supervision of an attorney. He did not, nor could he, based on his application, assert that the tasks required the skill and training of an attorney.
*479 In another case, this Court has bound a party to the concession that tasks could be performed by a paralegal for the purpose of assigning the appropriate hourly rate. ZP v. Brown, 8 Vet.App. 303, 304 (1995). In ZP, the Court ordered the parties to resolve differences in the amount of attorney fees and expenses in conference with the Court’s Central Legal staff keeping in mind that the appellant had conceded the tasks could have been performed by a paralegal;
[It is] ORDERED that a conference with the Court’s Central Legal Staff be scheduled pursuant to Rule 33 of the Court Rules so that the parties may resolve any differences in the amount of the attorney fees and expenses to be awarded. In this connection, the Court notes the concession of the appellant’s counsel at oral argument on May 23, 1995, that a substantial number of hours for record review that he billed as attorney time could have been performed by a paralegal and, therefore, should be compensated at the appropriate paralegal rate. See Action on Smoking and Health v. CAB., 724 F.2d 211, 220-21 (D.C.Cir.1984) (hours “are not reasonably expended if an attorney duplicates work done earlier by another attorney, if an attorney takes extra time due to inexperience, or if an attorney performs tasks that are normally performed by paralegals, clerical personnel^] or other non-attorneys.”).
Id. The characterization by the majority of the ZP order as obiter dicta regarding the appellant’s concession does not diminish its persuasiveness or provide a reasoned basis to ignore the appellant’s concessions throughout the course of proceedings that the tasks could have been performed by a paralegal in this case. In Richlin, the Federal Circuit reviewed a Board of Contract Appeals decision finding $35 a reasonable hourly expense for paralegal services. Richlin, 472 F.3d at 1374. Notably, the Board of Contract Appeals and Federal Circuit considered no evidence regarding the actual expense to Richlin’s counsel of employing a paralegal. Id. The Federal Circuit unambiguously held paralegal services are reimbursed at the expense to an attorney. The Court should determine whether the absence of an easily quantifiable amount, because the tasks were performed by the appellant’s attorney, will bar recovery for those services.
The nature of the task performed, not the person who performs it, determines the compensation rate. If I replace a light fixture in my own house, it does not mean that my salary as a judge is to be equated with the market rate for an electrician. Rather, it merely means that I personally value the money I have in hand more than the time I would save by hiring someone else to do the work. People everywhere routinely performs tasks themselves even though they can hire someone else to perform the work at an hourly rate less than that they receive for their professional services. Therefore, I would hold that when a quantified expense is not available, an EAJA applicant may be compensated at the reasonable market expense for a paralegal, for work that could have been done by a paralegal.
It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.
Missouri v. Jenkins, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).
*480 The appellant stated at oral argument that, had the “[paralegal work” been performed by a paralegal, Richlin would control and the expense for the services would be recoverable at $35 per hour for the hours reasonably expended. Hence, the argument that the Court is accepting in this decision is that there are two different rates of compensation available for such work under EAJA — one when attorney performs the work and one when a paralegal performs the same work. Pursuant to Missouri v. Jenkins, I would hold the Court may not award $110, rather than $35, per hour for the tasks that can be performed by a paralegal simply because the appellant’s attorney performed the work herself rather than delegating it to a paralegal. However, barring all recovery for performance of the paralegal tasks would also contravene the inquiry dictated by Missouri v. Jenkins into the work performed and improperly place the focus on who performed the work. Moreover, such a result is not required by Richlin. The Federal Circuit in Richlin did not require a detailed submission from Richlin’s counsel of the actual expense to employ paralegals. Rather, it awarded compensation at a “reasonable cost to the firm.” Richlin, 472 F.3d at 1374.
I believe the focus by my colleagues on the resources immediately available to the attorney is misplaced. First, the appellant’s attorney is not a party to the proceeding; only if she were would the Court be required to tailor it decision to her situation. It is the appellant, not appellant’s counsel, who incurred fees and expenses in litigation that are partially reimbursed by an award under EAJA. See Richlin, 472 F.3d at 1379. Second, I would not find — as the majority apparently does — that compensating the appellant for “paralegal work” at the paralegal expense rate is undercompensation; particularly where “the purpose of EAJA is not to reimburse all of the costs of the prevailing party but to reimburse costs only when the government’s position was not substantially justified and even then to provide only for partial reimbursement.” Id. The appellant chose the hourly rate of $110 for “paralegal work” based on the Laffiey Matrix. Application at 5 n. 1. The Laffey Matrix “is intended to be used in cases in which a ‘fee-shifting’ statute permits the prevailing party to recover ‘reasonable’ attorney’s fees.” Application Exhibit D n. 2. My colleagues arrive at the same exact hourly rate as the reasonably reduced rate for attorney work, notwithstanding that “it would be inconsistent with the purpose of EAJA to reimburse paralegal fees at the full hourly rate charged to the client.” Richlin, 472 F.3d at 1379. I would find compensating for “paralegal work” at $110 per hour excessive, particularly where “the purpose of EAJA was not to make the prevailing party whole.” Id.
Awarding compensation for tasks that can reasonably be performed by either a paralegal or an attorney at a higher rate, as the majority does here, simply because the tasks were performed by an attorney, or denying compensation because there is no itemized expense for the work, could create an incentive for an appellant to shift work from paralegals to attorneys in order to increase the potential EAJA award. It could also create an incentive to characterize the work performed in an ambiguous fashion in order to make it appear to be attorney work rather than paralegal work. Therefore, I would award compensation for the performance of the “[paralegal work” for a reduced number of hours at the reasonable hourly market expense rate of $35 as Richlin requires.