# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-1869(E)

RANDY C. GARRISON, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided    July 14, 2008    )

*Louis J. George* and *Barton F. Stichman*, both of Washington, D.C., were on the brief for the appellant.

*Paul J. Hutter,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian R. Rippel*, Deputy Assistant General Counsel; and *Shanti L. Hageman*, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, LANCE, and DAVIS, *Judges*.

DAVIS, *Judge*: Before the Court is Randy C. Garrison's October 5, 2007, application for an award of $3,905.91 in attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] The Court will address whether services performed by paralegals and law clerks are eligible for reimbursement under the category of "attorney fees" pursuant to 28 U.S.C. § 2412(d). For the following reasons, the Court will grant the EAJA application.

---

[1]This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). Mr. Garrison filed his EAJA application within the 30-day application period set forth in 28 U.S.C. § 2412(d)(1)(B) and it satisfies the content requirements because it contains (1) an allegation that he is a prevailing party within the meaning of EAJA; (2) a showing that he is eligible for an EAJA award because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Nicholson*, 19 Vet.App. 253 (2005); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).

The Secretary's sole challenge to the EAJA application concerns the reasonableness of the fees requested for services provided by a paralegal and a law clerk. The Secretary argues that EAJA fees for paralegal and law clerk services should be awarded based on the cost to the attorney, rather than at an adjusted market rate as has been the Court's longstanding practice. *See Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996) (authorizing the award of attorney fees under EAJA for the work of attorney-supervised law students and paralegals). In support of his argument, the Secretary cites *Richlin Security Service Co. v. Chertoff*, 472 F.3d 1358 (Fed. Cir. 2006), in which the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that paralegal fees under EAJA should be awarded based upon the cost of paralegal services to the attorney.

The Federal Circuit's decision was recently reversed by the U.S. Supreme Court. 128 S. Ct. 2007, 2019 (2008). The *Richlin* appellants sought reimbursement under EAJA for paralegal work that had been incurred in connection with proceedings before an administrative agency. *See* 5 U.S.C. § 504(a)(1). In resolving the question of whether outlays for paralegal services were recoverable as part of "fees" at prevailing market rates, rather than as "other expenses" at "their reasonable cost," the Supreme Court interpreted the provision of EAJA, 5 U.S.C. § 504, that defines "fees and other expenses" in connection with proceedings before administrative agencies.[2] The Supreme Court held that, under EAJA, a prevailing party is not limited in its recovery of paralegal fees to its attorney's cost for such services. *Richlin*, 128 S. Ct. at 2013, 2019. The Supreme Court concluded that paralegal fees are properly classified as "attorney fees"; and, thus, are recoverable from the Government at market rates. *Id.*

Although the Supreme Court's discussion was expressly limited to section 504, its interpretation of "fees and other expenses" for EAJA administrative agency fee awards, 5 U.S.C.

---

[2]Section 504(b)(1)(A) provides:

"[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the agency to be necessary for the preparation of the party's case, and reasonable attorney or agent fees (The amount of fees awarded under this section shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the agency involved, and (ii) attorney or agent fees shall not be awarded in excess of $125 per hour unless the agency determines by regulation that an increase in the cost of living or a special factor . . . justifies a higher fee.)

5 U.S.C. § 504(b)(1)(A).

§ 504(b)(1)(A), equally extends to the interpretation of "fees and other expenses" for court fee awards in 28 U.S.C. § 2412. The language in section 504(b)(1)(A) is virtually identical to the language in section 2412(d)(2)(A).[3] The Supreme Court noted this in its statement that "[v]irtually identical fee-shifting provisions apply to actions by or against the Government in federal court." *Richlin*, 128 S. Ct. at 2012 n.3 (citing 28 U.S.C. § 2412(a)(1), (d)(2)(A)). After noting the parties' agreement that the Federal Circuit's holding concerned only 5 U.S.C. § 504(a)(1) fees, the Supreme Court reasoned: "We assume without deciding that the reasoning of our opinion would extend equally to §§ 504 and 2412." *Id.* This Court concludes that, despite *Richlin*'s limited holding, its reasoning is fully applicable to EAJA awards under 28 U.S.C. § 2412(d)(1)(A).

*Richlin* reinforces this Court's longstanding practice of awarding EAJA fees on an adjusted market rate basis for work performed by paralegals and law clerks. *See Sandoval, supra*. The Secretary's sole contention in opposition to Mr. Garrison's EAJA application is directly contrary to the Supreme Court's reasoning in *Richlin*. Based on a thorough review of Mr. Garrison's EAJA application, the Court concludes that the fees requested are reasonable. *See Chesser v. West*, 11 Vet.App. 497, 501-02 (1998).

Based on the Court's consideration of the foregoing, Mr. Garrison's EAJA application is GRANTED in the total sum and amount of $3,905.91, which includes $32.25 in expenses.

---

[3]Section 2412(d)(2)(A) provides:

"[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States, and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.)

28 U.S.C. § 2412(d)(2)(A).