**Donald R. BOWLING, Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Appellee.**

No. 99–2264.

United States Court of Appeals for Veterans Claims.

Jan. 2, 2002.

Stephen L. Purcell, Washington, DC, was on the pleadings for the appellant.

Tim S. McClain, General Counsel; R. Randall Campbell, Acting Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Christine M. Cote, all of Washington, DC, were on the pleading for the appellee.

Before KRAMER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

STEINBERG, Judge.

The appellant, veteran Donald R. Bowling, previously appealed, through counsel, a July 12, 1999, Board of Veterans' Appeals (Board or BVA) decision that determined that new and material evidence had not been presented to reopen his previously and finally disallowed claim for Department of Veterans Affairs (VA) service connection for Meniere's disease; denied a rating above 50% for his VA service-connected post-traumatic stress disorder (PTSD); and denied a rating of total disability based on individual unemployability (TDIU). Record at 5. The appellant has filed, through counsel, an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The Secretary has filed an opposition to the appellant's application; the appellant has replied to that opposition and also filed a supplemental EAJA application seeking attorney fees for the litigation over the EAJA application. For the reasons that follow, the Court will grant in part both the EAJA application and the supplemental EAJA application.

## I. Background

On March 13, 2000, the appellant entered into a representation agreement with "Ronald L. Smith, or his successor, . . . for the purpose of prosecuting an appeal to [this] Court" of the Board's July 12, 1999, decision. Reply at Attachment A. Mr. Smith is Chief Appellate Counsel for the Disabled American Veterans (DAV) (Reply at Attachment B), and that fee agreement stated that Mr. Smith may reassign responsibility for prosecuting the appellant's appeal (Reply at Attachment A). A copy of that fee agreement was filed with the Court on March 31, 2000. Also on March 31, 2000, Stephen L. Purcell, who was at that time an attorney with the DAV, filed a notice of appearance on behalf of the appellant. Thereafter, all of the appellant's pleadings in the appeal were filed by Mr. Purcell. On May 8, 2001, the Court issued an opinion that reversed the Board's determination that the appellant's TDIU claim not be referred to the VA Director, Compensation and Pension Service, and remanded the appellant's increased-rating claim because the BVA had failed to consider pertinent evidence; the Meniere's disease claim was dismissed because the appellant had explicitly abandoned that claim. *Bowling v. Principi*, 15 Vet.App. 1, 16 (2001). The Court entered its judgment, which became final on July 30, 2001.

On August 13, 2001, the appellant timely filed, through Mr. Purcell, an application for attorney fees pursuant to the EAJA. In the application, Mr. Purcell represents that the number of attorney hours claimed is "reasonable" as set forth in the attached "itemization of the number of hours [125.2] expended on this litigation". Application at 7, 8. In his September 12, 2001, response, the Secretary concedes that all EAJA jurisdictional requirements have

been satisfied and that the appellant is entitled to an award of attorney fees pursuant to the EAJA. Response (Resp.) at 1. However, the Secretary argues that the requested attorney fees in the amount of $12,392.76 are unreasonable and should be reduced by $879.37 because those requested fees include 7.8 hours expended by Mr. Smith as a supervising attorney and he had not, as of that point, filed an appearance in this case. *Id.* at 2–3.

On September 27, 2001, the appellant filed, through Mr. Purcell, both a reply to the Secretary's response and a supplemental EAJA application that requests an additional $2,866.24 in attorney fees for 30.4 hours expended in preparation of the reply, including 27 hours for Mr. Purcell's work and 3.4 hours claimed for supervisory review by Mr. Smith. Supplemental Application, Affidavits of Mr. Purcell and Mr. Smith. In the supplemental application, Mr. Purcell affirms that all claimed hours are "reasonable". *Id.* at 4. In his reply, the appellant argues that there is no legal authority for the Secretary's position that an award of attorney fees cannot incorporate time expended by an attorney who has not filed an appearance. The appellant further argues that EAJA fees may properly be awarded for services provided by an attorney in relation to the matter that gives rise to the EAJA application as long as the attorney has an attorney-client relationship with the EAJA applicant. Reply at 3–14.

Finally, the Court notes that on October 18, 2001, Mr. Purcell and Mr. Smith filed a blanket motion to withdraw Mr. Purcell as counsel for the appellants in 11 cases (including the instant case) before the Court—as listed in an attachment to that motion—with the consent of each appellant and to enter the appearance of Mr. Smith as substitute counsel. The Court granted that blanket motion on the same date.

## II. Analysis

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). The appellant's August 13, 2001, EAJA application was filed within the 30 day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and, as the Secretary concedes, satisfied the EAJA jurisdictional and content requirements, because the application contained the following: (1) A showing that, by virtue of the Court's May 8, 2001, reversal and remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi,* 273 F.3d 1087, 1091–93 (Fed.Cir.2001); *Cullens v. Gober,* 14 Vet.App. 234, 237 (2001) (en banc); *Thayer v. Principi,* 15 Vet.App. 204, 207 (2001); *Bazalo v. West,* 150 F.3d 1380, 1383–84 (Fed.Cir.1998) (holding that "statement that [appellant] is a prevailing 'party' satisfies the eligibility requirement for jurisdictional purposes"). Moreover, the Secretary does not dispute that the appellant is entitled to an award of EAJA fees and expenses but contests only the reasonableness of the fees requested. The Secretary has not sought leave to file any pleading opposing the supplemental application.

■ "The Court has wide discretion in the award of attorney fees under the EAJA." *Chesser v. West,* 11 Vet.App. 497, 501–02 (1998) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Chiu v. United States,* 948 F.2d 711, 713 (Fed.Cir.1991); and *Vidal v. Brown,* 8 Vet.App. 488, 493 (1996)). "[T]he 'product of reasonable hours times

a reasonable rate' normally provides a 'reasonable' attorney's fee." *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir.1983). " 'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.' " *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original)). In making such a reasonableness determination, the Court may consider whether the hours claimed were (1) unreasonable on their face, (2) otherwise contraindicated by the factors for measuring reasonableness that were itemized in *Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. 1933, or *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997) (holding that "reasonableness" factors include whether work performed was duplicative or required extra time due to inexperience and whether attorney performed work of non-attorney), or (3) persuasively opposed by the Secretary. *See Chesser*, 11 Vet. App. at 502.

## A. Blanket Preclusion of Supervisory Fees Where No Notice of Appearance

■ The Secretary's argument that the requested supervisory fees are all "unreasonable" because of the failure of that supervising attorney to enter an appearance primarily raises the third consideration under *Chesser* and the question whether the Court is persuaded by the basis for the Secretary's opposition. In view of the following analysis, the Court cannot conclude that the Secretary has "persuasively opposed" inclusion of all su-

pervisory hours in the appellant's EAJA award in this case. *Chesser, supra.*

First, as the appellant points out, the language of the statute, 28 U.S.C. § 2412(d), fails to support the Secretary's argument for a blanket preclusion of supervisory hours where the supervisor has not filed a notice of appearance. In pertinent part, that statute provides:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows ... the amount sought, including an itemized statement from any attorney ... representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(B). The statute speaks in terms of an award of EAJA fees for services provided by "*any* attorney ... representing *or* appearing in behalf of the party". 28 U.S.C. § 2412(d)(1)(B) (emphasis added). This statutory language provides no support for the Secretary's contention that EAJA fees are limited to only those services provided by an attorney who has filed a formal notice of appearance with this Court. Indeed, the words "any" and "or" strongly suggest to the contrary. In light of this statutory language, establishing the limitation urged by the Secretary would seem beyond the authority of the Court.

Nor does the caselaw that the Secretary relies on establish the notice-of-appearance requirement that he advances as a prerequisite for an attorney's work being countable for EAJA attorney fees. The Secretary cites *Similes v. West*, 11 Vet.App. 115 (1998), to support his argument that the supervising attorney was "required to file a separate appearance on behalf of [the a]ppellant". Resp. at 2. However, *Similes*

does not establish such a requirement; rather, it sets forth two other "rules" as to filing a valid EAJA application: (1) The attorney filing the EAJA application must have filed a notice of appearance with the Court; and (2) "work done by an attorney is compensable under the EAJA only if the attorney has been empowered by an agreement—which creates an attorney-client relationship—to do work on behalf of the appellant." *Similes,* 11 Vet.App. at 120. In the instant case, both of these rules clearly were complied with. Moreover, *Similes* is clearly distinguishable from this case because in that case the two attorneys, who each filed a notice of appearance, represented the appellant in sequence, *ibid.,* whereas here the two attorneys represented the appellant as a team under the auspices of Mr. Smith's representation agreement.

Further diminishing the persuasiveness of the Secretary's argument is the line of cases from this Court concerning the availability of EAJA fees for services performed by a non-attorney under the supervision of an attorney. *See McCracken v. Principi,* 14 Vet.App. 269, 272 (2001) (holding reimbursement available under EAJA for services of non-attorney practitioner under attorney supervision in accordance with Rule 46(b)(1) of Court's Rules of Practice and Procedure (Rules)); *Sandoval v. Brown,* 9 Vet.App. 177, 181 (1996) (holding EAJA fees available for work of attorney-supervised law students and citing *Jordan v. U.S. Dep't of Justice,* 691 F.2d 514 (D.C.Cir.1982); *Lindner v. Sullivan,* 799 F.Supp. 888, 893 (N.D.Ill.1992); and *Williams v. Bowen,* 684 F.Supp. 1305, 1307–08 (E.D.Pa.1988)); *see also Missouri v. Jenkins,* 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (deeming it "self-evident" that reasonable attorney fee under Civil Rights Attorney's Fees Awards Act of 1976 compensates work of paralegals as well as attorneys). These cases set forth no requirement that the non-attorney (whether a Rule 46(b)(1) representative, law student, or paralegal) must file a notice of appearance in order to make EAJA fees available for the services of that non-attorney. (However, independent of any obligation emanating from the EAJA, Rule 46(d)(2)(A) requires that a Rule 46(b)(1) non-attorney practitioner file a notice of appearance if that practitioner will "appear on behalf of a party or amicus".) Thus, to set forth a requirement for the filing of a formal notice of appearance for EAJA-fee purposes, as urged by the Secretary, would be inconsistent with the approach taken by the Court with regard to EAJA fees for attorney-supervised services provided by non-attorneys. We see no fundamental difference between hours of the supervisee and hours of the supervisor in this respect.

■ In fact, in *Sandoval,* the appellant requested an award for 85 hours for work done by the attorney who had filed a notice of appearance, by several supervised attorneys and non-attorneys, and by a supervising attorney; neither the supervised workers nor the supervising attorney had filed a notice of appearance in that case, *see Sandoval,* 9 Vet.App. at 179–80 (noting that Ms. Eisenberg was supervising attorney); Court Docket Sheet in *Sandoval,* Case No. 92–0168, *available at* http://www.vetapp.gov (recording no filing of notice of appearance by Ms. Eisenberg or supervised workers). The Secretary opposed an award for those hours, and the appellant, citing *Johnson v. University College of University of Alabama,* 706 F.2d 1205, 1208 (11th Cir.1983) ("use in involved litigation of a team of attorneys who divide up the work is common today for both plaintiff and defense work"), responded that "the case was staffed according to the common practice in the legal profession, which includes dividing duties

among a team of people." *Sandoval*, 9 Vet.App. at 180. This Court, after noting that the appellant's attorney had used billing judgment in eliminating 60 hours, found that the 85 hours requested were reasonable and awarded EAJA fees for the entire amount, including the supervisor and supervisee hours worked by persons who had not filed notices of appearance. *Ibid.*

Accordingly, the Court holds that the Secretary has not persuasively opposed the inclusion of all supervisory hours in the appellant's EAJA award on grounds of the suggested blanket notice-of-appearance requirement for the supervising attorney.

### B.  Reasonableness of Supervisory Hours Requested

The Court is, however, cognizant that there may be some potential for abuse in terms of an unreasonable request for EAJA fees based on duplicative efforts that may be entailed in a supervising attorney's review activities. *See Perry v. West*, 11 Vet.App. 319, 329–30 (1998) (reducing requested fees on basis of overlapping efforts in reviewing record on appeal and preparing remand motion). In that regard, the notice-of-appearance requirement that the Secretary proposes would not protect against any such duplication. Duplicative services could be provided just as readily by a supervisor who has filed a notice of appearance as by one who has not. The crucial question in each case is whether the nature and amount of supervisory hours is "reasonable".

■ We must always bear in mind whether the hours could have been "properly billed to [the] *client*". *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. In the instant case, 7.8 hours were claimed, in relation to such supervisory efforts, on the underlying merits litigation. We note at the outset that the attorney filing the EAJA application has represented to the Court that all

hours claimed, including the supervisory hours, are "reasonable" in the particular case. Application at 7–8; Supplemental Application at 4. We believe that assuring such accountability is an essential responsibility of an attorney of record who files an EAJA application; the Court relies on such a representation from an officer of the court. *See* MODEL RULES OF PROF'L CONDUCT R. 3.3, cmt. [2] (1999) ("assertion purporting to be on the lawyer's own knowledge ... may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry"). As to the nature of the work performed by Mr. Smith, the legal positions taken in this case had been taken in many other cases before this Court by attorneys for the DAV, and Mr. Purcell was a very experienced appellate counsel in veterans' benefits law. In the exercise of our "wide discretion in the award of fees under the EAJA", *Chesser*, 11 Vet.App. at 501, the Court finds that a total of only 6.4 hours was reasonably necessary for supervisory review of such an experienced advocate in this case. Accordingly, although the Court will grant the appellant's EAJA application, the 7.8 hours claimed will be reduced, by 3.2 hours, to 4.6 hours for the supervisory hours claimed. As to the supplemental application, the Court similarly will reduce the 3.4 hours claimed for supervisory review, by 1.6 hours, to 1.8 hours.

■ The Court cautions that all we hold today is that there is no absolute exclusion, as the Secretary has urged, of attorney fees for representation provided by an attorney who has not filed a notice of appearance. In determining whether and how much supervisory work will be allowed, we will look to whether the supervising attorney's services were envisioned in the representation agreement; the reasonableness of the number of supervisory

hours claimed, taking into consideration the nature of the legal experience of the supervisor and supervisee; whether the attorney(s) signing the EAJA application has vouched (that is, taken responsibility as an officer of the Court) for the reasonableness of the claimed supervisory hours; and the full circumstances of the individual case. We are writing no blank check for inclusion of supervisory hours. Their allowability will be determined as a question of reasonableness on a case-by-case basis determined in accordance with the factors we have outlined.

### C. Miscellaneous

Finally, the Court notes that Mr. Smith's last-minute substitution for Mr. Purcell as counsel for the appellant in this case does not affect the foregoing analysis; Mr. Smith's appearance did not occur prior to the 7.8 hours claimed for his supervisory review from March 2000 through August 2001 as to the application or for his 3.4 hours thereafter as to the supplemental application. Regarding the viability of the EAJA application and supplemental application as to the hours worked by Mr. Purcell, his withdrawal and Mr. Smith's appearance at the EAJA stage pose no barrier to an EAJA award by the Court. *See Similes*, 11 Vet.App. at 117, 120.

### III. Conclusion

On consideration of the appellant's application for EAJA fees and his supplemental application for EAJA fees for fees, the Court holds that an attorney for whose services reimbursement is sought through an award of EAJA fees need not in all instances file a notice of appearance with the Court and that in this case the Secretary has failed to oppose persuasively the supervisory hours included in the appellant's application and supplemental application on the basis of a lack of the filing by the supervising attorney of such a notice of appearance. In accordance with the analysis in part II., above, the Court grants in part the EAJA application and the supplemental EAJA application, in the amount of $14,717.85, after reducing the requested supervisory hours, by 4.8 hours, to a total of 6.4 hours.

APPLICATION AND SUPPLEMENTAL APPLICATION GRANTED IN PART.