# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1628 (E)

Jon Katherine Martins , Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appellant's Application for Attorney Fees and Expenses

(Decided      January 19, 2005   )

*Theresa A. Capistrant* and *Rebecca Wong,* both of Minneapolis, Minnesota, were on the pleadings for the appellant.

*Tim S. McLain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *Mark M. McNabb*, all of Washington, D.C., were on the pleading for the appellee.

Before IVERS, *Chief Judge*, and STEINBERG and KASOLD, *Judges*.

IVERS, *Chief Judge*: Before the Court is the appellant's application, filed through counsel, for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  For the reasons set forth below, the Court will grant the appellant's application.

## I.  FACTS

On September 24, 2002, veteran James K. Martins filed a Notice of Appeal from a May 28, 2002, Board of Veterans' Appeals (Board or BVA) decision.  Attorney Rebecca Wong filed a notice of appearance on September 24, 2002.  On June 11, 2003, this Court granted a joint motion for remand, simultaneously issuing mandate.  On July 8, 2003, the veteran, through attorney Theresa Capistrant, filed a timely application for attorney fees and expenses, pursuant to the EAJA, in the amount of $6,298.02.  Ms. Wong and Ms. Capistrant are both with the law firm of Capistrant &

Associates, P.A. On September 22, 2003, the Secretary responded to the EAJA application, requesting dismissal of the application on the sole ground that Ms. Capistrant had not filed a notice of appearance, in violation of Rule 46(d)(2) of the Court's Rules of Practice and Procedure (Rules). Notably, the October 7, 2002, fee agreement was made between Dr. James Martins and the firm of Capistrant and Associates; both attorneys' names are typed at the end of the agreement, but only Ms. Wong signed it. On December 1, 2003, Ms. Wong filed a reply, objecting to dismissal for the following reasons: The Court has never dismissed an EAJA application based on a violation of Rule 46(d)(2), when dismissing the application would financially harm the appellant; there is no controlling authority to support dismissal; and the Court has previously declined to dismiss applications that involved far more egregious errors.

On January 4, 2004, the veteran died. On February 26, 2004, the Court received the appellant's unopposed motion, through Ms. Wong, to substitute the veteran's sister and next of kin, Jon Katherine Martins, as appellant for purposes of the veteran's EAJA application.

On October 26, 2004, the Court granted the appellant's motion for substitution pursuant to Rule 43(a)(2). The Court also denied the Secretary's request for dismissal of the EAJA application and ordered that attorney Capistrant file a notice of appearance, including an explanation of the attorney representation in the case. On November 5, 2004, the appellant responded to the Court's order with a notice of appearance filed by Ms. Capistrant and an explanation of the attorney representation.

## II. ANALYSIS

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). To be eligible for an EAJA award, the applicant must file the application within the 30-day period set forth in 28 U.S.C. § 2412(d)(1)(B), and the application must include (1) A showing that the applicant is a prevailing party; (2) a showing that he is a party eligible for an award under EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the fees sought. *See* 28 U.S.C. § 2412(d); *Sumner v. Principi*, 15 Vet.App. 256, 260 (2001) (en banc), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003), *cert. denied*, __ U.S. __, 124 Sup. Ct. 2014

2

(2004). The appellant's application was timely, and it contains the following: A showing that the appellant is a prevailing party; a showing that he is a party eligible for an EAJA award; an allegation that the Secretary's position was not substantially justified; and an itemized statement of the fees sought.

The Secretary, in his response to the EAJA application, contests only the issue of a lack of a notice of appearance by the attorney filing the EAJA application. The Court agrees that the appellant is a prevailing party and is otherwise entitled to an EAJA award of reasonable attorney fees and expenses. *See Sumner*, 15 Vet.App. at 264 (setting forth criteria for establishing prevailing-party status). The Secretary properly references Rule 46(d)(2)(A), which states: "No practitioner may appear as a representative of a party or amicus in any proceedings in a case without first filing – (A) a written notice of appearance." Secretary's Response at 3. Contrary to the Secretary's position, however, dismissal is not the action required here. The Secretary cites to four cases that, he says, stand for the proposition that the Court will not accept an EAJA application if the attorney filing it has not filed a notice of appearance. *Bowling v. Principi*, 15 Vet.App. 379 (2002); *McCracken v. Principi*, 14 Vet.App. 269 (2001); *Jones v. West*, 13 Vet.App. 543 (2000); *Similes v. West*, 11 Vet.App. 115 (1998). However, none support the Secretary's position as to dismissal in this case. In fact, in *Bowling*, the Court stated that the EAJA "statutory language provides no support for the Secretary's contention that EAJA fees are limited to only those services provided by an attorney who has filed a formal notice of appearance with this Court." *Bowling*, 15 Vet.App. at 383-84. That case is not on point for the appellant's purposes because it involved the issue of attorney supervision of a non-attorney practitioner.

The Secretary also discusses *Jones*, where the Court dismissed an EAJA application as defective under Rule 46(d)(2)(A), because the attorney submitting the application did not enter a notice of appearance. In that case, the EAJA application was filed by an attorney at the law firm of the appellant's *former* attorney, who had died. The attorney who filed the application had never been involved with the representation of the client. Furthermore, the attorney submitting the EAJA application in that case was not a "practitioner," as defined in Rule 46(d)(1), who was admitted to practice before this Court. Moreover, the attorney who died had been "representing the appellant under the auspices of the Veterans Consortium Pro Bono Program." *Jones*, 13 Vet.App. at 544.

For our purposes, the most important distinction between this case and *Jones* is that the Court in *Jones* dismissed the EAJA application, but declined "to decide the question whether the Court will dismiss an EAJA application, which is defective due to the lack of compliance with the Court's Rules by the appellant's attorney, *where the appellant might be financially disadvantaged by such dismissal*." *Jones*, 13 Vet.App. at 545 (emphasis added). The Court in *Jones* stated that dismissal would not financially disadvantage the appellant because he was receiving pro bono representation, and thus "there can be no question whether the appellant might be able to use an EAJA award to reduce the amount of a contingency fee based on an award of past-due benefits that might be due to his attorney." *Id.* This is not a pro bono case. Counsel for the appellant asserts: "If EAJA fees were awarded, Dr. Martins would receive an offset in the sum of fees awarded against the 20% contingency the firm would receive if past-due benefits were awarded." Appellant's Reply at 5-6. In this case, therefore, "the appellant might be able to use an EAJA award to reduce the amount of a contingency fee based on an award of past-due benefits that might be due to his attorney." *See Jones*, 13 Vet.App. at 545. Where, as in this case, dismissal may financially disadvantage the appellant, the error is not egregious and is easily remedied, and the Secretary has not demonstrated how he was prejudiced by the defect, *cf. Scarborough v. Principi*, 540 U.S. 401 (2004) (permitting "EAJA fee application to be amended out of time . . . [where amendment involving compliance with EAJA requirements] will not expose the Government to any unfair imposition"), the Court will not dismiss the EAJA application for noncompliance with the Court's rules. *Cf. Jones*, *supra*. Rather, the Court, as it did in this case, will provide an opportunity to correct the error or errors.

Finally, the Court has reviewed the fee itemization and finds the amount sought to be reasonable. *See Cullens v. Gober*, 14 Vet.App. 234, 244 (2001) (en banc).

## III. CONCLUSION

For these reasons, the appellant's EAJA application is GRANTED in the requested amount of $6,298.02 for attorney fees and expenses.

4