# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0914(E)

GOMIE L. MOLDEN, APPELLANT,

AND

No. 06-0411(E)

HOMER L. MOONEY, APPELLANT,

AND

No. 06-1098(E)

CHUCK L. WARREN, JR., APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellants' Applications for Attorney Fees and Expenses

(Decided    June 27, 2008    )

*Gomie L. Molden, Homer L. Mooney,* and *Chuck L. Warren, Jr., pro se.*

*Paul J. Hutter,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Edward V. Cassidy, Jr.,* Deputy Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *Thomas J. Kniffen,* Appellate Attorney, all of Washington, D.C., for the appellee.

Before HAGEL, LANCE, and DAVIS, *Judges*.

DAVIS, *Judge*: These cases are before the Court on applications filed for fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Although the procedural posture of each case differs, the Court consolidated these cases–all representative of several similar cases pending before the Court–to resolve, by panel, whether an appellant may receive EAJA fees

and expenses for a now-suspended attorney's pre-suspension work,[1] and if so, the means by which an appellant may recover such fees and expenses.

## I. ANALYSIS

The common threads connecting each appellant in this consolidated matter are the appellants' former attorney, James W. Stanley, and the fee agreements that each appellant entered into with him. Mr. Molden, Mr. Mooney, and Mr. Warren each entered into a fee agreement with Mr. Stanley that provided, in pertinent part, that each would pay Mr. Stanley a small retainer upon the execution of the agreement and 25 percent of any retroactive benefits awarded as a result of Mr. Stanley's representation. After the Court learned from the Arkansas Supreme Court Committee on Professional Conduct that Mr. Stanley had been suspended from practice in Arkansas for five years, the Court placed Mr. Stanley on a nondisciplinary suspension on May 11, 2007.[2] *See In re: James W. Stanley*, U.S. Vet. App. No. 07-8003 (order May 11, 2007).

In each of these cases, EAJA applications were filed before the Court seeking attorney fees and costs for Mr. Stanley's pre-suspension work. As a preliminary matter, the Court sees no reason to preclude the appellants from receiving an EAJA award for work performed while their attorney was in good standing with this Court merely because he was subsequently suspended from practice. The appellants incurred attorney fees and expenses;[3] to strip them of their right to have those expenses paid by the United States due to no fault of their own does not comport with the legislative purpose of the statute. *See March v. Brown*, 7 Vet.App. 163, 168 (1994) (stating that the purpose

---

[1]Because it is not before the Court, the Court does not reach the issue of whether EAJA fees are available for work performed following suspension.

[2]Arkansas suspended Mr. Stanley as a reciprocal matter after learning that the Social Security Administration had suspended him from practice on May 22, 2006, and that VA had cancelled his accreditation on October 10, 2001. Mr. Stanley advised the Court that he has appealed his suspension with the Arkansas State Bar and is awaiting the outcome of those proceedings.

[3]The U.S. Court of Appeals for the Federal Circuit has concluded that the fees need not have been billed to the client in order to be "incurred"; as long as there is an express or implied understanding that an EAJA award would be paid to the attorney, the appellant has "incurred" legal fees. *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1583 (Fed. Cir. 1991); *see also Sec. & Exch. Comm'n v. Comserv Corp.*, 908 F.2d 1407, 1413-16 (8th Cir. 1990).

2

of EAJA is "to remove the obstacle of attorney fees from challenges to unreasonable government action").

This Court has jurisdiction to award reasonable fees and expenses for work performed by both attorney and non-attorney practitioners pursuant to 28 U.S.C. § 2412(d)(2)(B). *See* Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 403, 116 Stat. 2820, 2833 (2002). EAJA fees may be awarded where the application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and contains (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). Here, the Court will determine whether the applications satisfy the above EAJA timing, and where contested, content requirements. In subsequent single-judge opinions, the Court will address the reasonableness of the fees and expenses requested in the parties' EAJA applications. Each case will be addressed in turn.

## A. Chuck Warren, 06-1098(E)

The Court granted the parties' joint motion for partial remand and disposed of Mr. Warren's underlying case on May 21, 2007. On June 14, 2007, after Mr. Stanley's suspension, Mr. Warren filed a pro se EAJA application requesting attorney fees in the amount of $2,225.94 and costs in the amount of $50.00 for Mr. Stanley's work performed between March 27, 2006, and May 10, 2007. Within the application, Mr. Warren provided an itemized list of "Services Rendered," purportedly for Mr. Stanley's services, but the list was not affirmed by any attorney. *See* Warren EAJA Application (App.) at 2.

In his response to the EAJA application, the Secretary first argues that Mr. Warren lacks standing as a pro se appellant to request attorney fees. The Court disagrees that Mr. Warren's current pro se status precludes an EAJA award. It is true that non-attorney pro se appellants cannot receive an EAJA award under section 2412(d) for time when the appellant is not represented. *See March,* 7 Vet.App. at 168 ("[A] pro se, non-attorney applicant's claim for fees under section 2412(d) must be denied."); *see also Kay v. Ehrler*, 499 U.S. 432, 437 (1991) (interpreting 42 U.S.C. § 1988, and

3

holding that "[a] rule that authorizes awards of counsel fees to pro se litigants–even if limited to those who are members of the bar–would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every case."). The Court recognizes a distinction between that scenario and a case such as this, where a pro se appellant seeks reimbursement of attorney fees incurred when the appellant was represented. *See Zheng Lui v. Chertoff*, 538 F. Supp. 2d 1116 (D. Minn. 2008) (noting that an applicant's initial pro se status does not preclude an EAJA award). Nothing in the EAJA statute mandates that an attorney file the application. *See* 28 U.S.C. § 2412. Indeed, the statute allows for the "prevailing party"–not the prevailing attorney–to recover fees and expenses incurred. *See id.* Therefore, to the extent that Mr. Warren incurred attorney fees that were legitimate and reasonable during the pendency of his underlying appeal, he is entitled to reimbursement of those fees and may properly recover them through a pro se EAJA application. *See Phillips, supra*.

The Secretary also urges this Court to deny the EAJA application because, although it contains an itemized statement of hours Mr. Stanley expended, it is not "certified by any attorney of record." Secretary's Response to Warren EAJA App. at 5. The EAJA statute, however, contains no such certification requirement. *See* 28 U.S.C. § 2412(d)(1)(B) (requiring "an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed"); *but see Shaw v. Gober*, 10 Vet.App. 498, 500 (1997) (holding that the EAJA application satisfied the EAJA content requirements because it contained, among other things, "an itemized statement of the fees sought . . . supported by an affidavit from the appellant's counsel"), *overruled by Carpenter v. Principi*, 15 Vet.App. 64 (2001) (en banc). This Court does require that the billing afford the Court a high degree of certainty that the hours were expended. *Cf. Baldridge v. Nicholson*, 19 Vet.App. 227, 235 (2006) (requiring a detailed fee statement). Generally, because practitioners have a duty of candor before the Court, a statement contained in an application prepared and submitted by the practitioner on an appellant's behalf is sufficient for the Court to proceed to evaluate the reasonableness of the fees. *See* MODEL RULES OF PROF'L CONDUCT R. 3.3 (2007). Here, however, because the time record on which Mr. Warren's application is based was submitted within a pro se EAJA application, it is not clear that it was "from any attorney." 28 U.S.C. § 2412(d)(1)(B).

The application merely lists tasks performed and time spent. *See* Warren EAJA App. at 5. There is no certification by Mr. Stanley that this is his record, nor does the list take the form of a billing statement from Mr. Stanley. *See id.*

Mr. Warren's failure to provide the itemized statement either directly from his former attorney or supported by an affidavit from his former attorney is not necessarily fatal to his application. Amendment to an EAJA application is available where it "'ar[i]se[s] out of the conduct, transaction, or occurrence set forth or attempted to be set forth' in the initial application." *Scarborough*, 541 U.S. at 418-19 (quoting FED. R. CIV. P. 15(c)(2)). This is not a case where the appellant wholly failed to address a statutorily articulated EAJA requirement; here, the appellant submitted a list that was technically deficient in that it is not clear that it is "from any attorney." *See Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998) (holding that a mere "statement that [the appellant] is a prevailing 'party' satisfies eligibility requirement for jurisdictional purposes"). An amended application providing an itemized statement from Mr. Stanley, in this case, would arise out of the same conduct "attempted to be set forth in the initial application." *See Scarborough*, 541 U.S. at 418-19. Moreover, the Secretary has failed to allege that prejudice would result if this Court were to allow amendment. *See id.* at 422. Therefore, the Court will allow Mr. Warren leave to amend his application to include a statement of itemized fees from his former attorney within 30 days of the date of this opinion.

B. Gomie Molden, 05-0914(E)

On February 21, 2007, the Court vacated and remanded a Board decision holding that new and material evidence had not been submitted to reopen Mr. Molden's service-connection claim for an anxiety disorder. On March 9, 2007, the Court received Mr. Molden's premature EAJA application, submitted by his then-representative, Mr. Stanley. In it, Mr. Molden requests attorney fees in the amount of $2,892.86 and costs in the amount of $75.00 for work performed by Mr. Stanley between March 3, 2005, and February 26, 2007.

On May 15, 2007, four days after Mr. Stanley's suspension, proceedings in Mr. Molden's case were stayed by order of the Clerk of the Court (Clerk) until further notice of the Court. On September 25, 2007, the stay was lifted, and the Clerk filed the March 2007 EAJA application,

which had been prepared and submitted by Mr. Stanley. At the time of the filing of the application, Mr. Stanley was not authorized to practice before the Court.

There is no question that Mr. Molden's EAJA application was submitted outside of the application period. An EAJA application is timely submitted within 30 days of final judgment. *See Luyster v. Principi*, 16 Vet.App. 96, 99 (2002). In this case, because judgment became final on May 15, 2007, the EAJA application should have been submitted between May 15, 2007, and June 14, 2007. Because it was submitted on March 9, 2007, the application was premature.

Again, this error is not fatal to the appellant's application. If it is not returned to the appellant, a premature EAJA application will be treated as if it had been later filed. *See March*, 7 Vet.App. at 166. Under Court procedures, the Clerk is authorized to stamp the application filed on the first day of the 30-day EAJA-application period. *See id.* Because the Clerk initiated a stay in the case, that procedure was not followed here. Pursuant to the Court's discussion in *March*, the Court will now deem the EAJA application in this case as having been timely filed on May 15, 2007.

The Secretary argues, however, that the application should be dismissed because it was filed by the Clerk at a time when Mr. Stanley was suspended, and that Mr. Molden, proceeding pro se, does not have standing to submit an EAJA application to the Court. The Court disagrees with the Secretary's latter contention for the reasons set forth in Part I.A above. The Court agrees, however, with the former; once suspended, Mr. Stanley was no longer eligible to practice before the Court and therefore could not file any document, including an EAJA application, with the Court. *See* U.S. VET. APP. R. 46(a) ("A person of good moral character and repute who has been admitted to practice in . . . the highest court of any state . . . and is in good standing therein, may be admitted to the bar of the Court . . . ."). Under such circumstances, Mr. Stanley should have either sought leave to file the EAJA application or should have requested that Mr. Molden file his application pro se. He did neither. However, as explained below, because our dismissal of the EAJA application could cause financial harm to the veteran, the Court finds that good cause exists in this case to suspend the practitioner requirements of Rule 46, and permit the filing of the application. *See* U.S. VET. APP. R. 2 (allowing the Court to suspend any Court rule for good cause).

The prospect of financial harm to the veteran is a concern to the Court; if dismissal may financially disadvantage the appellant, and "where the error is not egregious and is easily remedied,"

the Court will not dismiss an EAJA application. *Martins v. Principi*, 19 Vet.App. 20, 23 (2005) (refusing to dismiss an EAJA application for failure to comply with Court rules); *see also Carpenter*, 15 Vet.App. at 75 ("[P]rotecting the interests of the veteran is paramount."). In *Jones v. West*, 13 Vet.App. 543 (2000), after the appellant's attorney died, an attorney from the same firm filed the EAJA application. That latter attorney had never filed a notice of appearance, and because he was not admitted to the Court's bar, was not "a practitioner" before this Court under Rule 46(d). *Id.* at 544-45. The Court dismissed the EAJA application, but took pains to note that the veteran could not be harmed by its decision because the case had been taken on a pro bono basis, and therefore, the veteran would not owe money to an attorney for subsequently obtained past-due benefits. *Id.* at 545. The Court did not determine whether it would dismiss in a similar case "where the appellant might be financially disadvantaged by such dismissal." *Id.*

This case, unlike *Jones*, was taken on a contingency fee rather than a pro bono basis, and the Court's dismissal of the EAJA application could have financial consequences to the appellant. *See Carpenter*, 15 Vet.App. at 75. Under the appellant's fee agreement, he is liable to Mr. Stanley for 25 percent of past-due benefits awarded.[4] However, the amount owed to Mr. Stanley under that fee agreement would be offset, dollar-for-dollar, by an EAJA award. *See id.* at 76. Thus, if the Court were to dismiss the EAJA application and the appellant was later to obtain an award of past-due benefits, he would not be able to offset any of the 25 percent called for in the fee agreement. Based upon the prospect of financial harm to the appellant, the Court will suspend Rule 46, and will

---

[4]The Court notes that, although not directly at issue here, Mr. Stanley's fee agreement in each case provides for a 25 percent contingency fee for past-due benefits. This amount exceeds the statutory maximum of 20 percent of past-due benefits allowed under 38 U.S.C. § 5904(d), and, consequently, VA would not be obligated under 38 C.F.R. § 20.609(h) (2007), to withhold attorney fees out of a past-due benefits award. "However, the mere fact that a fee pursuant to a non-direct-pay fee agreement exceeds the 20 [percent] does not make it 'patently unreasonable on its face' such that there should be an 'intrusion' into the agreement entered into by the attorney and his client." *Carpenter*, 15 Vet.App. at 76 (quoting *Silverman v. Brown*, 7 Vet.App. 487, 488 (1995)). Therefore, Mr. Stanley could conceivably pursue the agreed upon contingency fee directly with the appellant.

In addition, the Court finds no harm in the fee agreement's failure to expressly provide for EAJA fees. "[W]ork done by an attorney is compensable under the EAJA . . . if the attorney has been empowered by an agreement–which creates an attorney-client relationship–to do work on behalf of the appellant." *Similes v. West*, 11 Vet.App. 115, 120 (1998). To be eligible for fees, those fees must have been "incurred" by the prevailing party, and there must be an "express or implied agreement that the fee award will be paid over to the legal representative." *Phillips*, 924 F.2d at 1583. Considering that each appellant signed a fee agreement with Mr. Stanley and that Mr. Stanley proceeded to do work on behalf of the appellants before the Court, the Court finds that there was an attorney-client relationship that is eligible for reimbursement.

consider the EAJA application timely and properly filed as of May 15, 2007. *See Martins* and *Carpenter*, both *supra*. Given this disposition, the Court will allow the Secretary 30 days from the date of this decision to address the merits of the EAJA application.

## C. Homer L. Mooney, 06-0411(E)

On September 14, 2007, the Court vacated and remanded that part of a Board decision that denied Mr. Mooney's claim for entitlement to an increased disability rating for degenerative disc disease of the lumbar spine. On November 2, 2007, the Court received Mr. Mooney's EAJA application, prepared and submitted by Mr. Stanley, seeking attorney fees in the amount of $1,700.00 and costs in the amount of $50.00 for work performed between February 2006 and February 2007. On November 9, 2007, proceedings in the case were stayed by order of the Clerk as a result of Mr. Stanley's suspension, and Mr. Mooney was informed that he was entitled to obtain new counsel. On November 21, 2007, the Court granted Mr. Mooney's motion to lift the stay and proceed pro se, but Mr. Mooney has not filed an EAJA application on his own behalf. The Court has yet to file the EAJA application submitted by Mr. Stanley, and the Secretary has thus filed no response in opposition thereto.

As in the case of Mr. Molden, this EAJA application was prematurely submitted; however, unlike Mr. Molden's application, Mr. Mooney's application was submitted after Mr. Stanley had been suspended. For the reasons given in Part I.B above, the Court will deem "filed" the EAJA application in Mr. Mooney's case as of the first day of the EAJA application period (here, December 12, 2007), and will exercise our discretion under Rule 2 of the Court's Rules to suspend Rule 46 so that the EAJA application may be filed despite Mr. Stanley's ineligibility to practice before the Court.

This case, however, presents an additional problem. Although Mr. Stanley used the appropriate case caption, he filed for EAJA fees on his own behalf. *See* Mooney EAJA App. at 1 ("Comes James W. Stanley, Jr., and submits this application for approval of attorney's fees."). It is well established, however, that "an EAJA claim belongs to the appellant, [and] control of an EAJA litigation may not be ceded to an attorney." *Similes*, 11 Vet.App. at 118 (citing *Shaw, supra*); *see also Carpenter*, 15 Vet.App. at 75 ("EAJA awards belong to the claimant, not his or her attorney."). Mr. Stanley's application for EAJA fees on his own behalf, therefore, was inappropriate. Again, however, the Court will permit amendment of the defective application. *See Scarborough*, 541 U.S.

8

at 418-19.  If he so chooses, Mr. Mooney may, within 30 days of the date of this opinion, either through newly obtained counsel or on his own behalf, amend the EAJA application to reflect that he, and not Mr. Stanley, is the party seeking an award.  If he does not do so, the Court will deny the application as impermissibly submitted by Mr. Stanley on his own behalf.

## II.  CONCLUSION

Upon consideration of the foregoing, Mr. Molden's EAJA application is deemed FILED on May 15, 2007, and the Secretary is given leave to file a response to the merits of the application within 30 days from the date of this decision.  Mr. Mooney's EAJA application is deemed FILED on December 12, 2007.  Mr. Warren and Mr. Mooney are given leave to file, within 30 days from the date of this decision, amendments to their applications, consistent with this opinion.  In addition, the panel is DISSOLVED, and each case is returned for review before a single judge for adjudication of the merits of each appellant's application.